**SANDLER v. KASS REALTY CO., Inc.**

No. 400.

Municipal Court of Appeals for the District of Columbia.

July 26, 1946.

Herman Miller, of Washington, D. C., for appellant.

H. Max Ammerman, of Washington, D. C. (Louis Ottenberg, of Washington, D. C., on the brief), for appellee.

Before CAYTON, Chief Judge and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

A tenant appeals from the judgment in favor of his landlord for possession of certain business property. The action was filed on April 29, 1946, and a summons issued returnable on May 13; but, without service of process, judgment was entered on the same day the action was filed, the judgment reciting that it was "in accordance with the confession of judgment filed herein." A motion to set aside the judgment was filed on the day following its entry. The motion was denied, and an appeal taken from the judgment.

From the record it appears that the tenant's possession commenced under a written lease from a former landlord, that said lease had expired, and that under date of April 5 the tenant signed and delivered to the attorney for his present landlord two papers. One of the papers, entitled "Confession of Judgment" contained the following paragraph:

"I Julius Sandler, defendant named in the above-entitled cause, do hereby appear and waive all legal notice therein, and,

---

submitting to the jurisdiction of this court in the premises hereby voluntarily confess judgment in favor of the plaintiff for possession of premises known as 725 14th Street, Northwest, in the District of Columbia, and consent that a writ of restitution to enforce said judgment may issue on or at any time after the first day of May, 1946, at the option of the plaintiff."

The other paper, in the form of an agreement between the landlord, designated party of the first part, and the tenant, designated party of the second part, after making reference to the "Confession of Judgment," contained the following paragraph:

"1. That immediately upon the filing in the landlord and tenant branch of the Municipal Court for the District of Columbia of an action for possession of said premises 725 14th Street, Northwest, by said first party, said second party shall enter his appearance in said cause, confess judgment for possession of said property in open court, and there shall be filed in said cause the aforementioned Confession of Judgment."

In our opinion, the court never acquired jurisdiction over the defendant and the judgment was void. Jurisdiction could have been acquired either by service of process in accordance with Code § 11—736, or by voluntary appearance of the defendant either personally or through an attorney. Concededly there was no service of process and no appearance of defendant or of an attorney representing him.

It may be argued that by delivering the signed "confession of judgment" to the landlord's attorney, the tenant impliedly authorized that attorney to file the paper in court. Even if this be so, it did not constitute an appearance by the tenant. The "confession of judgment" did not purport to contain a power or warrant of attorney authorizing the landlord's attorney or anyone else to appear for the tenant and confess judgment. Cf. opinion of Justice Stafford, of the Supreme Court of the District of Columbia, in Columbia Sand and Gravel Co. v. Stresbilt Tile Co., 56 W.L.R. 82. And it is plain from the record that it was not the intent of the par-

ties that the tenant was authorizing anyone to appear for him, for by the agreement, executed on the same day as the "confession of judgment," the tenant agreed that he would enter his appearance and that he would confess judgment in open court. The testimony of Mr. Ottenberg, one of the attorneys for the landlord, clearly shows this was his understanding of the arrangement. He referred to his oral agreement with the tenant to "meet * * * me in open court * * * to confess judgment in pursuance to the written agreement." Again he said he reminded the tenant to be in court on the 29th and the tenant said he would be there; and that certain papers were to be given the tenant when "he came in court to confess a judgment."

It is quite evident that the tenant agreed in writing to appear in court and confess judgment upon the filing of the action, and that he failed to carry out his agreement. Such conduct may be subject to criticism, but the fact remains that the tenant was not served with process, did not appear in court, and authorized no one to appear for him. Consequently, the court had no jurisdiction to enter judgment.

Reversed.