William Lawrence NEWMAN, a/k/a Newman William Lawrence, Appellant,

v.

UNIVERSAL ENTERPRISES, Inc., a corporation, Assignee of Universal Jewelry Co., Inc., Appellee.

No. 1905.

Municipal Court of Appeals for the District of Columbia.

Argued Jan. 7, 1957.

Decided March 4, 1957.

2. Brock v. United States, D.C.Mun.App. 1956, 122 A.2d 763; Vincent v. United States, D.C.Mun.App.1948, 58 A.2d 829.

Robert J. Harlan, Washington, D. C., with whom Clarence H. Featherson was on the brief, for appellant.

Jack Politz, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

This appeal is from the denial of a motion to set aside a confession of judgment and to quash a writ of attachment issued thereon. Appellee had instituted suit against the appellant to recover a balance due for merchandise sold and delivered. Without service of process upon appellant, the clerk of the Municipal Court made entry of judgment in the case in accordance with a praecipe, purportedly signed by appellant in the office of the appellee and witnessed by an employee of appellee, authorizing the clerk to enter his voluntary appearance, acknowledging a copy of the claim and his confession of judgment in the cause. Appellant predicated his motion on three grounds: (1) that the court never acquired jurisdiction for lack of service of process upon him and that the judgment was therefore void; (2) that his signature on the praecipe was a forgery; and (3) that there had been an agreement between parties' counsel in a prior suit upon the same subject matter to voluntarily dismiss and dispose of the entire case as to appellant.

On the first point raised the court ruled that the judgment by confession as entered by the clerk, pursuant to the praecipe after the filing of the action, was prima facie valid. As to appellant's second contention, the trial judge found as a fact that appellant had executed the praecipe, although there was "strong evidence on both sides of this case."

On the third issue relating to the prior suit between the same parties upon the

same cause of action, the testimony of the attorney retained by appellant in that suit was that after answer had been filed by appellant and the matter had come before the court, the judge expressed doubt as to whether the signature on the contract was the genuine signature of appellant and continued the case for trial for ten days to give an opportunity to counsel for appellee to secure the services of a handwriting expert; counsel did not do this but thereafter requested the consent of counsel for appellant to his taking a voluntary dismissal; counsel for appellant agreed to do so if appellee's counsel would write him a letter assuring him that the matter would be disposed of entirely so far as his client was concerned. This letter, addressed to appellant's then counsel, signed by appellee's counsel, read as follows:

"Under the circumstances, in this case, if you have no objection I will have a voluntary non suit entered so we will dispose of the. entire case so we will dispose of the entire case [sic] as far as your client, W. J. Newman is concerned."

The letter is dated June 20, 1955. A day later, a praecipe was filed in the initial case directing the clerk to "please enter voluntary non-suit *herein* by consent of all parties through their respective counsel of record." The praecipe is signed by counsel for appellee and under the words "I consent:—" appears the signature of appellant's counsel in that case. Subsequently the following entry was duly made: "Ptf takes a voluntary non-suit."

The trial judge was of the opinion that the letter could not impeach the praecipe filed the next day as a *stipulation* of dismissal of the first suit except upon the allegation that appellant's counsel had been defrauded. Appellant's present counsel would not make this claim however and

the court ruled that the praecipe stipulating to the dismissal of the first action between the parties was valid and effectual.

■ Municipal Court Civil Rule 60(b) sets forth the grounds upon which relief from a judgment by confession may be granted. In his attempt to set aside this judgment, in the first two points of his motion appellant proceeded upon ground (4) and ground (3) of the rule and in his last point alleged that he had a defense to the institution of the second suit upon which judgment was confessed because it was the intention of the parties, as expressed in the letter, to dispose of the entire claim against appellant in the former suit between them upon the same subject matter. Placed in this perspective, the last point raised, viz., that appellant had a defense to the suit upon which he confessed judgment, could not be raised affirmatively[1] until the judgment is set aside and was not a ground in itself for vacating the judgment.

■ The trial judge's ruling that the judgment was prima facie valid, challenged here because appellant was never served with process, was not error in this case because he voluntarily appeared[2] by signing a praecipe authorizing the clerk to enter his voluntary appearance.[3]

■ As to the finding that appellant. signed the praecipe confessing judgment,, we must hold that the trial judge was justified in holding that forgery was not proven.[4]

Therefore it was proper to refuse to set aside the judgment under Rule 60(b) on the grounds specifically alleged in appellant's motion. However, the record in this case reveals that the trial judge, when counsel were framing the issues before him at the beginning of his hearing on the motion, made the following statement:

1. As required by Municipal Court Civil Rule 8(c).

2. Sandler v. Kass Realty Co., D.C.Mun. App., 48 A.2d 617.

3. 6 C.J.S., Appearances, § 12, p. 17.

4. 3 Barron and Holtzoff, Federal Practice and Procedure 261, § 1326, and cases cited.

"Presumably, there would be a corrollary issue, and that is, whether under all the facts and circumstances surrounding this transaction, I should exercise my discretion to permit the setting aside of this judgment on the grounds of excusable neglect or something similar to that under 60(b)."

Accordingly we think it in the interest of substantial justice that all of the facts and circumstances surrounding the surrender by appellant of his day in court should be carefully inquired into; we should zealously safeguard the right of the citizen to have the opportunity to defend himself against suits on claims to which he may have a meritorious defense; mere technicalities should not be permitted to impinge upon substantial rights.

■ We do not like the picture portrayed in connection with the alleged waiver of appellant's right to due process because he signed the praecipe in question. Appellee's first suit against the appellant, involving the same subject matter as in the instant cause, had been dismissed by appellee, presumably because it did not choose to pay for the services of a handwriting expert, or possibly because it felt it had no cause of action against him. The affidavit of appellant's attorney in the dismissed suit in support of the motion to set aside the judgment by confession contained the following allegation:

"That counsel for plaintiff stated to defendant's counsel that if he took a dismissal with prejudice in the matter that he would not be able to bring an action against the person who actually made the obligation, if he were found, and he requested that counsel for defendant permit him to take a non suit for that purpose only."

Appellant having filed an answer in the original suit, appellee could not dismiss it without the consent of appellant, or lacking this consent by approval of the court, upon such terms as the judge might impose.[5] It is certainly a plausible, if not a positive conclusion to draw, that appellant's then counsel gave his consent only because he was assured by counsel for the appellee that the dismissal he consented to meant the end of all litigation between the parties for the merchandise involved in both suits; we think the testimony of the then counsel and the letter of appellee's counsel herein referred to make out a very strong case that both parties regarded the dismissal as one "with prejudice." Nevertheless, against this backdrop of events, appellee, without any notice to appellant's counsel, revived the claim, persuaded appellant to come to its office and sign the praecipe in question, using an official form of the trial court, all of the pertinent language already typed by agents of the appellee, with the exception of the spaces left blank for the amount of the claim and interest; these blanks were filled in by appellee in the presence of appellant, who was without benefit or advice of counsel. Appellee should have known that appellant had been represented by counsel in the former suit; certainly when counsel for appellee filed the praecipe and secured the judgment, he definitely knew that counsel had theretofore represented the appellant; he, however, served no notice on either the counsel or appellant. Transactions of this sort can readily result in fraud and injustice, and while we feel we would not be justified in reversing the finding of the trial court that the praecipe was prima facie valid, our decision in this regard should not be construed as an approval of the methods used to secure appellant's signature and thereafter take judgment by confession predicated on the praecipe. We do not agree however with the court's holding that the letter of appellee's counsel could not impeach the praecipe in the absence of the charge of fraud. We feel that the trial court should be wary

5. Municipal Court Civil Rule 41(a) (2).

and scrutinize judgments by confession when asked to vacate one predicated upon a document signed by a party who is not represented by counsel, and a document which will never otherwise than in this fashion reach the court, even though the trial court's rules seem to authorize the clerk to enter such a judgment without the approval of the court;[6] possibly a tightening up of the rule might be in order.

There was no inquiry in this case as to whether appellant had knowledge of the agreement his then counsel had with counsel for the appellee concerning the dismissal of the former suit; there was no inquiry as to whether he knew the consequences that might flow from his waiver of process and confession of judgment. Rule 60(b) should be liberally construed;[7] courts should be careful to safeguard the rights of a defendant in situations analogous to this. Fraud is not the only reason under Rule 60(b) justifying setting aside of judgments; courts should be very careful to guarantee every citizen his day in court. We feel that a proper inquiry by the trial court might well persuade it that mistake, inadvertence, excusable neglect, or some of the other grounds enumerated in the rule, would justify setting aside this judgment; in any event this type of inquiry should be undertaken. We are not attempting to say how the court, on remand, should rule; we do say a hearing should be accorded appellant in the light of our discussion.

Indeed we express the hope that merchants conducting stores where credit is a large factor in their operations might well consider the business ethics involved in persuading customers, not represented by counsel, to sign confessions of judgment in return for their acceptance of small installment payments.

6. See Municipal Court Civil Rule 39, Section A(c).

7. Barber v. Turberville, 94 U.S.App.D.C. 335, 218 F.2d 34; Askew v. Randolph

We reverse with instructions to determine whether appellant is entitled to relief upon any grounds set forth in Rule 60(b).

It is so ordered.

Carney Co., D.C.Mun.App., 119 A.2d 116; Manos v. Fickenscher, D.C.Mun.App., 62 A.2d 791.