Deborah STARLING, et al., Appellants,

v.

JEPHUNNEH LAWRENCE & ASSOCIATES, Appellee.

No. 84–723.

District of Columbia Court of Appeals.

Submitted March 26, 1985.

Decided July 19, 1985.

David T. Austern, Washington, D.C., was on brief for appellants.

Jephunneh Lawrence, Washington, D.C., was on brief for appellee.

Before PRYOR, Chief Judge, and TERRY and ROGERS, Associate Judges.

ROGERS, Associate Judge:

Appellants contend that the trial court erred in denying their motion for relief under Super.Ct.Civ.R. 60(b) from the grant of appellee's motion for summary judgment as unopposed, and the dismissal of appellants' counterclaim.[1] We reverse and remand for a hearing on appellants' Rule 60(b) motion.

## I

Appellee sued to collect attorney's fees allegedly due under a contingency fee arrangement for recovering benefits due on appellant-Starling's husband's life insurance policy. Appellants denied liability and asserted several defenses in their answer. They also filed a counterclaim alleging intentional infliction of emotional distress resulting from fraudulent alteration of a 1981 contingent fee agreement made with appellant-Starling's parents,[2] the other ap-

---

1. Only the denial of the Rule 60(b) motion is properly before us. *Wallace v. Warehouse Employees Union No. 730,* 482 A.2d 801, 803 n. 5 (D.C.1984) (motion under Super.Ct.Civ.R. 60(b) does not toll the time within which a notice of appeal must be filed) (citing *Smith v. Canada,* 305 A.2d 521, 522 (D.C.1973) and *Joseph v. Parekh,* 351 A.2d 204, 205 (D.C.1976)). Since the order granting summary judgment was mailed on April 12, 1984, a notice of appeal should have been filed by May 15, 1984. D.C.App.R. 4 II(a)(1). The notice of appeal was filed on May 23, 1984.

2. In October 1981, appellant Malcolm Carroll retained appellee to represent himself, his wife and several of their children in a personal injury action. The parties signed a retainer agree-

pellants in the instant case; they sought to recover all sums paid to appellee from the insurance policy and punitive damages of $500,000.

After discovery began, appellee filed a motion on March 20, 1984, for summary judgment and dismissal of appellants' counterclaim. Appellants' counsel was served with a copy of the motion by mail, and filed a response to the motion on April 5, 1984. However, two days earlier, on April 3, 1984, the trial court had granted the motion for summary judgment as unopposed and dismissed the counterclaim; a copy of the order was mailed to the parties on April 12, 1984. On April 23, 1984, appellants filed a motion for reconsideration under Super.Ct. Civ.R. 60(b), which was denied.

Appellants contend that the trial court erred in denying the motion for reconsideration because their delay in filing a response to appellee's motion for summary judgment was due to excusable neglect, and they would suffer extreme hardship if relief is not granted, while there would be no prejudice to appellee if the judgment is set aside. They rely on *Wolfsohn v. Raab*, 11 F.R.D. 254, 255 (E.D.Pa.1951), where the court found that a meritorious defense had been asserted and, in the absence of prejudice to the other side, an attorney's miscalculation of the last day on which to file a pleading constitutes "excusable neglect." They also cite *Thorpe v. Thorpe*, 124 U.S. App.D.C. 299, 301, 364 F.2d 692, 694 (1966) (default not willful), and contend that appellants' counsel's good faith is evidenced by the fact he filed a response within seventy-two hours of the ten day deadline set by Super.Ct.Civ.R. 12–I(e) for opposing a motion for summary judgment, promptly filed a motion for reconsideration, and his

personal problems resulting from the death of his father precluded an inference of a willful or careless disregard of the court's procedures. They further assert that the mistake or neglect may not be directly attributable to their counsel since the date recited in the certificate of service is not conclusive of the date service was actually made. *See Timmons v. United States*, 194 F.2d 357, 360 (4th Cir.), *cert. denied*, 344 U.S. 844, 73 S.Ct. 59, 97 L.Ed. 656 (1952); 4 WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 1148 & n. 75.1 (Supp.1985). Finally, they contend, citing *Klapprott v. United States*, 335 U.S. 601, 614–15, 69 S.Ct. 384, 390, 93 L.Ed. 1099 (1949) and 7 J. MOORE, W. TAGGART & J. WICKER, MOORE'S FEDERAL PRACTICE ¶ 60.27 (2d ed. 1985), that they were entitled to relief to avoid a miscarriage of justice.

## II

The disposition of a Rule 60(b) motion lies within the sound discretion of the trial court. *Clark v. Moler*, 418 A.2d 1039, 1041 (D.C.1980); *Dunn v. Profitt*, 408 A.2d 991, 993 (D.C.1979); *Jones v. Hunt*, 298 A.2d 220, 221 (D.C.1972). However, because courts universally favor trial on the merits, even a slight abuse of discretion in refusing to set aside a judgment may justify reversal. *Clark v. Moler*, *supra*, 418 A.2d at 1041; *Jones v. Hunt*, *supra*, 298 A.2d at 221; *Italia Societa Anonima Di Navigazione v. Cavalieri*, 99 A.2d 488, 489 (D.C.1953). Each case must be evaluated in light of its own particular facts taking into consideration whether the movant (1) had actual notice of the proceedings; (2) acted in good faith; (3) took prompt action; and (4) presented an adequate defense. Prejudice to the non-mov-

---

ment for appellee to receive thirty-five percent of any recovery paid in settlement of that claim. Mrs. Deborah Starling was not a party to the 1981 retainer agreement. In 1982, Deborah Starling, the daughter of Malcolm and Mary Carroll, retained appellee to secure the benefits of her deceased husband's life insurance policy. She claims she agreed to pay a set fee. Upon recovery of the insurance proceeds, appellee refused to disburse all such proceeds claiming

that he was entitled to a percentage of the recovery under a contingency fee agreement with Mrs. Starling. Because she disagreed, Mrs. Starling refused to release the disputed amount to appellee. Appellee claims he is owed $16,-058, or 35 percent of the insurance policy proceeds plus a 1½ percent overdue payment charge, under the 1981 contingency agreement, which he alleges was modified in 1982 to include Mrs. Starling's insurance claim.

ing party is also relevant. *Dunn v. Profitt, supra,* 408 A.2d at 993; *Jones v. Hunt, supra,* 298 A.2d at 221–22. In evaluating this case, we are guided by the admonition in *Newman v. Universal Enterprises, Inc.,* 129 A.2d 696, 699 (D.C. 1957), that this court "should zealously safeguard the right of the citizen to have the opportunity to defend himself against suits on claims to which he may have a meritorious defense."

Appellants had actual notice of the motion for summary judgment. Counsel's affidavit, which was attached to appellants' response to summary judgment and motion to dismiss, stated that he received the motion "on or about March 23, 1984"; in the Rule 60(b) motion, appellants asserted that their counsel actually received appellee's motion on March 26, 1984. Appellants' motion was promptly filed the first business day after their counsel returned to the office following his father's death;[3] this was only five days after the mailed order granting judgment was deemed to have been served. *Dunn v. Profitt, supra,* 408 A.2d at 993 (prompt action as evidence of good faith). Super.Ct.Civ.R. 6(e). Appellee has not asserted any prejudice and the record suggests none. *See Clark v. Moler, supra,* 418 A.2d at 1043; *Dunn v. Profitt, supra,* 408 A.2d at 993; *Citizens Building & Loan Association v. Shepard,* 289 A.2d 620, 623 (D.C.1972).

Further, upon review of the record, we are satisfied that appellants presented a meritorious defense to appellee's complaint. *Clark v. Moler, supra,* 418 A.2d at 1043 (meritorious defense is "something more than a bald allegation, but certainly something less than a pretrial hearing on the

merits"); *Kasachkoff v. Ross H. Finn Co.,* 408 A.2d 993, 995 (D.C.1979) (deposition raised prima facie defense). In appellee's statement of material facts as to which there is no genuine issue, filed as required by Super.Ct.Civ.R. 12–I(k), he stated that the 1981 contingent fee agreement, *see supra* note 2, was extended on February 25, 1982, at the request of appellants to cover the Starling life insurance claim; appellee's affidavit was to the same effect. However, also attached to appellee's motion for summary judgment was Mrs. Starling's deposition in which she denied the existence of a contingent fee contract for the life insurance matter. Although a handwritten notation appears on the October 1981 contingent fee agreement that the Starling life insurance matter was covered, and a "Receipt" form acknowledges payment of $3500 by Mrs. Starling and states that a balance of $16,058.60 is due on the contingency fee agreement for the Starling life insurance matter,[4] neither document is signed by any appellant.

The parties have not cited and we have found no decision by this court which addresses whether counsel's personal problems constitute excusable neglect under Rule 60(b)(1). In looking for guidance to federal court decisions interpreting an identical federal rule, *Goldkind v. Snider Brothers, Inc.,* 467 A.2d 468, 472 (D.C. 1983) (citations omitted), we find that courts have viewed the issue as properly resolved under Rule 60(b)(6). Thus, in *L.P. Stewart, Inc. v. Matthews,* 117 U.S.App. D.C. 279, 280, 329 F.2d 234, 235 (1964), where counsel sought relief on the grounds of the recent death of his parents and serious illness of his wife, the District of

---

**3.** Appellants' Brief states that on March 28, 1984, their counsel received an emergency message that his father had suffered a heart attack while vacationing in Curacao, Netherlands Antilles, and he was out of the country from March 28, 1984 until April 2, 1984, when he brought his father back to Washington, D.C. for medical treatment. His father remained in the hospital until April 16, 1984, when he died. This information was not set forth in appellants' Rule 60(b) motion.

**4.** The handwritten notation on the October 1981 agreement is dated February 25, 1982. The "Receipt" is dated November 18, 1983, after Mrs. Starling's letter of August 21, 1983 to the insurance company directing release of the funds and after she and appellee had signed the Agreement and Release for the insurance policy proceeds on October 7, 1983.

Columbia Circuit held that Rule 60(b)(1) was not broad enough to permit relief where counsel's personal problems had caused him "grossly to neglect a diligent client's case and mislead the client." Similarly, in *United States v. Cirami*, 563 F.2d 26 (2d Cir.1977), the Second Circuit held that counsel's mental disorder, which manifested itself in a failure to work promptly, entitled his clients to relief from a default judgment for unpaid taxes under Rule 60(b)(6). Unlike the case before us, however, these cases involved long delays in seeking relief from judgments which were partly attributable to counsel's effort to conceal facts from his client. *See L.P. Steuart, Inc. v. Matthews, supra,* 117 U.S. App.D.C. at 280, 329 F.2d at 235; *Cirami, supra,* 563 F.2d at 31.

Recently, in *Lynch v. Meridian Hill Studio Apartments, Inc.,* 491 A.2d 515, 518 (D.C.1985), we emphasized that due diligence is required to obtain relief under Rule 60(b)(1). We are satisfied appellants' counsel was diligent. In the response to appellee's motion for summary judgment, appellants counsel properly relied on Super. Ct.Civ.R. 56(f) in seeking additional time to respond because depositions needed to be taken. Further, appellants' counsel promptly filed Rule 60(b) motion referred to their response to the motion for summary judgment which stated that appellee's two month delay in responding to discovery had made it impossible for appellants to take appellee's depositions.[5] Appellants also asserted that they anticipated filing a motion for summary judgment and argued that granting appellee's motion before discovery was complete would reward appel-

lee for ignoring the discovery schedule set by the rules of the court.[6]

Appellants' motion for reconsideration stated that their counsel had not received a copy of the April 3 order granting summary judgment until April 17, and that because of counsel's father's death on April 16, counsel was out of his office until April 20, 1984. The motion did not, however, apprise the trial court of pertinent details about counsel's personal problems. These details, *see supra* note 3, make it clear that counsel's personal problems arose during the period when a response to appellee's motion for summary judgment was due. Accordingly, under the circumstances of this case, counsel's personal problems would appear to constitute excusable neglect within the scope of Rule 60(b)(1).

■ Even if appellants are not entitled to relief under Rule 60(b)(1), they may be entitled to relief under Rule 60(b)(6).[7] The factors to be considered by the trial court are the same. *Bond v. Wilson,* 398 A.2d 21, 25 (D.C.1979); *Clark v. Moler, supra,* 418 A.2d at 1043; *cf. Newman v. Universal Enterprises, supra,* 129 A.2d at 699. Rule 60(b)(6) is properly invoked in extraordinary circumstances or where a judgment may work an extreme and undue hardship. *Union Storage Co. v. Knight,* 400 A.2d 316, 318 (D.C.1979); *Ohio Valley Construction Co. v. Dew,* 354 A.2d 518, 521 (D.C.1976). Indeed, in *Klapprott, supra,* 335 U.S. at 614, 69 S.Ct. at 390, the Supreme Court commented that needless confusion can be avoided if Rule 60(b)(6)'s "any other reason" is not narrowly defined. This jurisdiction has recognized that when personal problems over which counsel has no control result in an adverse judgment

5. An affidavit of counsel attached to the opposition stated that appellee's response was due on February 22, 1984, but not filed until the same day appellee filed his motion for summary judgment and to dismiss the counterclaim.

6. Appellants' response to the motion for summary judgment also indicated that the instant case and another lawsuit brought by appellee against two attorneys whom appellant Starling had consulted in regard to appellee's claim for fees

(Civil Action No. 3789–84) might be consolidated pursuant to Super.Ct.Civ.R. 42(a).

7. Super.Ct.Civ.R. 60(b)(6) provides:
On motion and upon such terms as are just, the Court may relieve a party or his legal representative from a final judgment, order, or proceeding for ... (6) any other reason justifying relief from the operation of the judgment.

for his client, the circumstances "may be so egregious" as to justify relief under Rule 60(b)(6). *Clark v. Moler, supra,* 418 A.2d at 1043 (counsel's gross negligence); *see, e.g., L.P. Steuart, Inc. v. Matthews, supra,* 117 U.S.App.D.C. at 280–81, 329 F.2d at 235–36 (recent death of parents and illness of wife).

This Court has long emphasized that the trial court has a responsibility to inquire where matters are raised which might entitle the movant to relief under Rule 60(b). In *Newman v. Universal Enterprises, Inc., supra,* 129 A.2d at 700, the court stated that Rule 60(b) should be liberally construed, and, in remanding the case, noted that:

> We feel that a proper inquiry by the trial court might well persuade it that mistake, inadvertence, excusable neglect, or some of the other grounds enumerated in the rule, would justify setting aside this judgment; in any event this type of inquiry should be undertaken.

■ A like disposition is appropriate here. The record before the trial court indicates circumstances which may entitle appellants to relief on the grounds of excusable neglect under Rule 60(b)(1) or for "any other reason" under Rule 60(b)(6). Since facts were asserted on appeal in support of counsel's claim of personal problems that were not alleged below, we do not attempt to say how the court should rule upon remand, but only that a hearing should be held. Accordingly, we reverse with instructions to determine whether appellant is entitled to relief under Rule 60(b).

*Reversed and remanded.*