Gregory C. GILL, Appellant,

v.

**TOLBERT CONSTRUCTION,
INC., Appellee.**

No. 94–CV–374.

District of Columbia Court of Appeals.

Argued April 15, 1996.
Decided May 23, 1996.

Gregory C. Gill, pro se.

No one appeared on behalf of appellee.

Before KING and REID, Associate
Judges, and GALLAGHER, Senior Judge.

KING, Associate Judge:

Gregory C. Gill, who had previously operated his own construction company, claimed in a complaint filed May 9, 1991, that Tolbert Construction, Inc., ("Tolbert")[1] owed him money for services, material, and tools provided by him to Tolbert for several construction and renovation projects in 1988 and 1989. Tolbert filed a motion for summary judgment on September 21, 1993, which Gill maintains he never received. The motion was granted in an order signed on January 3, 1994. That order was docketed on January 11, and mailed on January 12, 1994. Gill represented to the trial court that he received the order on January 19, 1994, and that he obtained a copy of the summary

---

1. In an amended complaint, docketed January 4, 1993, Robert Tolbert and Tolbert Construction Company were added as defendants. All defendants are collectively referred to as "Tolbert."

judgment motion on January 24, 1994, from the clerk's office.

On February 10, 1994, Gill filed a Motion to Vacate Summary Judgment. That motion was denied on February 28, 1994, and this appeal followed. Gill, who has proceeded pro se throughout this litigation, filed a brief and participated in oral argument in this court. Tolbert, who was represented by counsel in the trial court, and in a related administrative proceeding, has not participated in this appeal. We conclude, under the circumstances presented here, that the trial court erred in denying Gill's motion to vacate the order granting summary judgment to Tolbert. Therefore, we reverse.

## I.

Before bringing this civil action, Gill presented a wage claim to the Department of Employment Services ("DOES"), and testimony was apparently presented, in some form, by the parties. On May 7, 1990, Gill was informed, in a letter signed by Pamela A. Banks, of the Wage Payment Section, that:

> We have reviewed all testimony presented in connection with your wage claim filed against Talbert (sic) Construction and have concluded that an employee-employer relationship did not exist, but rather some form of joint venture. Therefore, you should pursue your claim directly in the courts.
>
> Thus, we are reassigning your claim to you and no further action will be taken by this office.

Subsequently, Gill brought this action in Superior Court as a "SUIT FOR NONPAYMENT OF WAGES AND BREACH OF CONTRACT."

In its motion for summary judgment, Tolbert contended that the matter before DOES was a contested case, pursuant to D.C.Code § 1–1502(8) (1971 Repl.), with a finding that Gill was not entitled to wages because there was no employer/employee relationship; that because no agency appeal was taken by Gill from that finding, the ruling was dispositive on that point; and that because the civil action was "identical in all respects to his claim before the agency," the agency's finding was res judicata as to the issues raised in the complaint.

## II.

Procedurally, the circumstances present here are remarkably similar to those present in *Starling v. Jephunneh Lawrence & Assocs.*, 495 A.2d 1157 (D.C.1985), where we reversed the trial court's order denying a motion to reconsider a grant of summary judgment. In *Starling* the summary judgment motion had been granted by the trial court because it was "unopposed." No timely notice of appeal was filed from the order granting the motion; however, a motion for reconsideration, pursuant to Super.Ct.Civ.R. 60(b), was filed by the losing party.

■ Although Gill's motion to vacate the summary judgment was not captioned as a motion filed pursuant to Rule 60(b), the relief he seeks is the kind of relief available pursuant to such a motion and we will treat his motion to vacate as if it were filed pursuant to that rule. *See Wallace v. Warehouse Employees Union No. 730*, 482 A.2d 801, 804 (D.C.1984). "The disposition of a Rule 60(b) motion lies within the sound discretion of the trial court." *Starling, supra*, 495 A.2d at 1159. We evaluate rulings on such motions in light of the particular circumstances of the case taking into account "whether the movant (1) had actual notice of the proceedings; (2) acted in good faith; (3) took prompt action; and (4) presented an adequate [claim]." *Id.*

■ Applying these principles, we are satisfied that Gill is entitled to a reversal of the order denying his motion to vacate the order granting summary judgment. First, it is uncontradicted that he did not receive Tolbert's motion. Moreover, when he received the order granting the motion, Gill promptly went to the courthouse to obtain a copy of the motion from the court file. Shortly afterward he filed the motion seeking to set aside the order granting summary judgment against him. On these facts, we readily conclude that Gill had no notice of the proceeding, and that he acted promptly and in good faith, thus meeting the requirements of the

first three prongs of the test set out in *Starling.*

We are also satisfied that Gill met the fourth prong of that test, *i.e.,* he has presented an adequate claim. Specifically, in his motion to vacate, he correctly asserted that the complaint sought damages other than wages, *e.g.,* it also sought damages for material and tools provided, and interest. Therefore, even assuming DOES's resolution of his claim is dispositive on the question of wages, which we question below, the issue of Gill's entitlement to the other damages sought is still open. Therefore, summary judgment would not lie. *See Young v. Delaney,* 647 A.2d 784, 788 (D.C.1994); *Dodek v. CF 16 Corp.,* 537 A.2d 1086, 1092 (D.C.1988).

 Furthermore, we think it far from clear, on this record, that the agency's ruling on the wage claim necessarily resolved that issue against Gill on the merits for all purposes. For example, Gill plausibly argues that DOES's ruling was nothing more than a finding that it lacked jurisdiction to consider the matter rather than a determination, on the merits, that he was not entitled to payment for his services as wages. In support of that conclusion, we note that Tolbert, in its summary judgment motion, cited no legal basis for its contention that DOES was authorized to provide the relief being sought in the agency proceeding. On the other hand, D.C.Code § 36–108 (1993 Repl.), unequivocally provides that a suit to recover unpaid wages "may be maintained in any court of competent jurisdiction." DOES "reassigned" Gill's claim to him, suggesting that he pursue his remedy in court. Whether that action by the agency was a decision on the merits or a determination by the agency that it lacked jurisdiction cannot be determined on this record.

 Finally, we note that Tolbert's principal argument in its summary judgment motion was that the proceeding before DOES was a contested case; that Gill was obligated to pursue his administrative appellate remedies and that he failed to do so; and, therefore, the decision of the agency is final, dispositive against him, and res judicata in the present proceeding. The letter from DOES informing Gill that the remedy he sought was not available in that forum, did not purport to inform him that he had any administrative appellate rights. We have held, however, that an agency is obligated to give notice "reasonably calculated to apprise petitioner of the decision of the claims deputy and an opportunity to contest that decision through an administrative appeal." *Ploufe v. District of Columbia Dep't of Employment Servs.,* 497 A.2d 464, 465 (D.C.1985). So far as the record shows, no such notice was given here. In granting summary judgment, the trial court did not consider this point.

In sum, the trial court erred in denying Gill's motion to vacate the order granting summary judgment against him, because the court did not consider that the complaint sought damages other than wages, and because the court did not consider Gill's argument that the agency proceeding did not conclusively decide the wage issue on the merits. For the reasons stated, the trial court should have granted the motion to vacate the order granting summary judgment. Therefore, the order is

*Reversed.*