**John CONTEH, Appellant,**

v.

**ALLSTATE INSURANCE COMPANY, Appellee.**

**No. 99–CV–1486.**

District of Columbia Court of Appeals.

Argued Dec. 15, 2000.

Decided Oct. 4, 2001.

Charles C. Parsons, Washington, DC, for appellant.

Tina L. Snee, with whom Matthew J. Parini, Falls Church, VA, was on the brief, for appellee.

---

Before TERRY, STEADMAN, and SCHWELB, Associate Judges.

TERRY, Associate Judge:

This is an appeal from an order granting summary judgment to appellee, the defendant below. Appellant Conteh, who was injured in an automobile accident involving an uninsured motorist, filed suit against the driver and owner of the other vehicle seeking damages for his injuries. In the same complaint he included a breach of contract claim against Allstate Insurance Company, his insurance carrier, based on its failure to pay benefits to him under the uninsured motorist provisions of his insurance policy. After a pre-trial conference, however, Mr. Conteh dismissed that action without prejudice. A few months later he filed a new complaint against Allstate only, seeking damages for the same alleged breach of contract. After earlier motions for dismissal (on *forum non conveniens* grounds) and summary judgment were denied, Allstate filed a renewed motion for summary judgment shortly before the scheduled trial date. This time the court granted Allstate's motion, holding that under Virginia law, specifically Virginia Code § 38.2–2206 (1999), a plaintiff cannot bring a direct action against his insurer without first establishing the legal liability of the uninsured motorist.

On appeal Mr. Conteh argues that the court erred in applying Virginia law because the Virginia statute in question is procedural, not substantive, and hence District of Columbia procedure (which, he asserts, does not require a prior judgment against the uninsured motorist) should have been followed. Given the express terms of the insurance policy, however, we hold that the trial court was correct and affirm the judgment.

I

On September 8, 1995, Mr. Conteh was involved in an automobile collision in the District of Columbia. While driving his car southbound in the Third Street tunnel, he was struck by another car which, he alleged, was negligently operated by Shamahl Pritchett, a District of Columbia resident. Mr. Conteh, a resident of Virginia, was insured under a policy issued by Allstate.

Conteh received medical treatment for his injuries and presented verification of his losses to Allstate. When Allstate refused to pay his claim, he filed suit against Mr. Pritchett, the driver of the other car, and Robert Edward, the owner of that car, for negligence. In his complaint in that case, which we shall call *Conteh I*, he also included a breach of contract claim against Allstate. About a year after filing his complaint in *Conteh I*, he voluntarily dismissed his claims against all of the defendants in that case, without prejudice.[1]

About six months after *Conteh I* was dismissed, Mr Conteh filed a new complaint in the trial court, which we shall call *Conteh II*. This time, however, he only brought the breach of contract claim against Allstate. Allstate initially moved to dismiss the case on the ground of *forum*

---

1. Appellant asserts in his brief that before he dismissed *Conteh I*, a default judgment was entered against Mr. Pritchett and Mr. Edward. There is nothing in the record to support this assertion. On the contrary, the trial judge stated in her order in this case that "defendant dismissed his claims against *all* defendants without prejudice by consent of *all* parties" (emphasis added). This statement is supported by a "Stipulation of Dismissal without Prejudice," signed by counsel for Conteh and counsel for Allstate, which was filed in *Conteh I* and is in the record before us. That stipulation reads, in pertinent part, "[P]laintiff hereby dismisses his claims against the defendants without prejudice, by consent of all parties."

*non conveniens,* but that motion was denied, as was a later motion for summary judgment.

Then, shortly before the scheduled trial date, Allstate filed a renewed motion for summary judgment. In its supporting memorandum, Allstate maintained that the only issue before the court was the alleged breach of contract for failure to pay the uninsured motorist benefits. Allstate asserted that the terms of the insurance policy, which incorporated Virginia Code § 38.2–2206 (1999),[2] required the court to apply Virginia law, under which an insured person may not recover uninsured motorist benefits from an insurer until after he or she has obtained a judgment against the uninsured tortfeasor. Allstate specifically cited the recent decision of Judge Gregory Mize in *Macci v. Allstate Insurance Co.,* No. 97–CA–3665 (D.C.Super. Ct. June 29, 1999), which held that, under Virginia law, the plaintiff could not recover from Allstate until after she had obtained judgment against the tortfeasor. *Macci,* mem. op. at 6 n. 5.[3] Therefore, Allstate argued, Mr. Conteh could not claim uninsured motorist benefits from Allstate because he had not obtained a judgment against the tortfeasors, Messrs. Pritchett and Edward.

On receiving Allstate's motion, the court continued the trial and set the motion for a hearing. Following that hearing, the court vacated its earlier order denying Allstate's previous motion for summary judgment and granted Allstate's new motion for judgment. The court ruled that, as in *Macci,* Virginia law was applicable to this insurance contract dispute, under the express terms of the policy. Noting that the initial action against both of the alleged tortfeasors and Allstate had been dismissed without prejudice, the court held:

> Virginia law does not allow the insured to sue the uninsured motorist carrier directly without suing the driver/wrongdoer. If plaintiff had pursued *Conteh I,* he would not be facing the Motion for Judgment filed by Allstate Insurance Company in *Conteh II.*
>
> In any event, the court will grant judgment for the Defendant based on the reasoning set forth by Defendant in its Memorandum of Points and Authorities in Support of Defendants' Motion for Judgment. *See also Macci v. All-*
>
> \* \* \* \* \*
>
> F. If any action is instituted against the owner or operator of an uninsured ... motor vehicle by any insured intending to rely on the uninsured ... coverage provision or endorsement of this policy under which the insured is making a claim, then the insured shall serve a copy of the process upon this insurer in the manner prescribed by law, as though the insurer were a party defendant.... The insurer shall then have the right to file pleadings and take other action allowable by law in the name of the owner or operator of the uninsured ... motor vehicle or in its own name.

---

2. Part 4 of the policy incorporated "Section 38.1–381 of the Code of Virginia and all Acts amendatory thereof or supplementary thereto...." Section 38.1–381 has been superseded by section 38.2–2206. The pertinent subsections of today's Virginia Code read as follows:

> § 38.2–2206. *Uninsured motorist insurance coverage.*
>
> A. [With an exception not pertinent here], no policy or contract of bodily injury or property damage liability insurance relating to the ownership, maintenance, or use of a motor vehicle shall be issued or delivered in this Commonwealth [of Virginia] to the owner of such vehicle ... unless it contains an endorsement or provisions undertaking to pay the insured all sums that he is legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle....

3. The judgment in the *Macci* case has been appealed. That appeal is currently pending before another division of this court.

*state Insurance Co.*, Case No. 97–CA–3665. . . . [4]

From that order Mr. Conteh noted this appeal.

## II

Appellant asserts that the trial court erred in ruling that section 38.2–2206(F) of the Virginia Code was a substantive provision. He argues that this provision of the Virginia Code is merely procedural, and therefore that the District of Columbia's, rather than Virginia's, procedures should have been applied to the present dispute under this court's decision in *Stutsman v. Kaiser Foundation Health Plan of the Mid–Atlantic States, Inc.*, 546 A.2d 367 (D.C.1988). We disagree. Appellant's focus on whether section 38.2–2206(F) is substantive or procedural clouds the relevant issue and misconceives the trial court's ruling. The court granted Allstate's motion for summary judgment because appellant had failed to fulfill a condition precedent to his right to recover contract damages from his insurance company, *i.e.*, he had failed to obtain a judgment against the tortfeasors, Messrs. Pritchett and Edward.[5]

The court so ruled because appellant's insurance policy expressly incorporated section 38.2–2206 of the Virginia Code, which has been interpreted by the Virginia courts as providing that an insurance company cannot be held liable for uninsured motorist benefits until *after* judgment has been obtained against the uninsured motorist. The Virginia Supreme Court held in *Midwest Mutual Insurance Co. v. Aetna Casualty & Surety Co.*, 216 Va. 926, 223 S.E.2d 901 (1976):

> Under the statute [§ 38.2–2206], the obligation of the uninsured motorist insurer arises *only* if it is determined that the insured is "legally entitled to recover" damages from the owner or operator of an uninsured motor vehicle. . . . Judgment is the event which determines legal entitlement to recovery.

*Id.* at 929, 223 S.E.2d at 904 (emphasis in original); *see also Willard v. Aetna Casualty & Surety Co.*, 213 Va. 481, 482, 193 S.E.2d 776, 778 (1973) (noting that "[u]nder Virginia law, Aetna would not be subject to an action in contract on its uninsured motorist endorsement until judgment in tort had been entered against [the uninsured motorist]" (citation omitted)).[6] Thus section 38.2–2206 effectively bars direct action solely against an insurance carrier for uninsured motorist coverage. Consequently, there is no legal right, under section 38.2–2206 and the policy which incorporates it, to recover

---

**4.** In *Macci* Judge Mize held on similar facts that "the issue whether plaintiff may sue the insurer directly is a substantive issue ... [that] concerns the very right to bring the action." *Macci*, mem. op. at 6 n. 5. The judge concluded:

> [Because] Virginia law applies in the present case, the court must grant defendant Allstate's motion for summary judgment pursuant to the terms of the insurance policy and Virginia Code § 38.2–2206(F). Plaintiff cannot bring a direct suit against the insurer without first establishing the legal liability of the uninsured motorist. *Id.* at 9.

**5.** Contrary to appellant's present assertions, the court did not grant Allstate's motion because he had failed to serve process on Allstate at the time of initiating his action against the tortfeasors. The court's order makes no reference at all to service of process.

**6.** We observe that the Virginia rule is "[a] minority view" which "prevails in [only] a few states." *Reese v. State Farm Mutual Automobile Insurance Co.*, 285 Md. 548, 554 n. 2, 403 A.2d 1229, 1232 n. 2 (1979) (citing cases from four states, including Virginia); *see also Allstate Insurance Co. v. Ramos*, 782 A.2d 280, —— n. 1 (D.C.2001).

uninsured motorist benefits from the carrier until the liability of the uninsured motorist has been judicially established.

Since the Virginia statute and its attendant obligations were expressly incorporated into the insurance policy, we need not address appellant's characterization of section 38.2–2206 as creating a merely procedural duty. We note, however, that appellant confuses the substantive requirement, under subsection (A), that a plaintiff suing an insurer first show that the uninsured motorist was liable, with the separate but related procedural requirement under subsection (F) that a plaintiff, *in Virginia*, serve process on the insurer at the time of initiating the suit against the uninsured motorist. The cases cited by appellant, read together, make this distinction clear. *See Creteau v. Phoenix Assurance Co.*, 202 Va. 641, 119 S.E.2d 336 (1961); *Grain Dealers Mutual Insurance Co. v. Van Buskirk*, 241 Md. 58, 215 A.2d 467 (1965).

In *Creteau* the sole issue was whether an action should be barred *in Virginia* because the plaintiff had failed to serve process on the insurer. *See Creteau*, 202 Va. at 643, 119 S.E.2d at 338. The court was not considering the substantive question of when (or whether) the right to sue the insurer had accrued. In the *Grain Dealers* case, the plaintiff had similarly failed to serve process on her insurer, but that case was brought *in Maryland*. The court held that the failure to follow Virginia procedure in a Maryland action did not bar recovery. *Grain Dealers*, 241 Md. at 66–67, 215 A.2d at 471–472. However, because the plaintiff had already obtained judgment against the tortfeasor, the substantive aspect of section 38.2–2206 was not at issue.

Finally, appellant asserts that Judge Zeldon in this case inappropriately relied on Judge Mize's ruling in *Macci*. Because this argument raises no issues other than those raised by his challenge to the substance of Judge Zeldon's ruling, we need not separately address it.

### III

Virginia Code § 38.2–2206, as incorporated in appellant's insurance policy and as construed by the Virginia courts, prohibits a covered party from bringing a direct action solely against an insurer for uninsured motorist benefits. For this reason, the trial court rightly held that appellant was not entitled to recover uninsured motorist benefits under the policy because he had failed to obtain judgment against the alleged tortfeasors. The order granting summary judgment to Allstate is therefore

*Affirmed.*