Karen A. MACCI, Appellant

v.

ALLSTATE INSURANCE COMPANY, Appellee.

Nos. 00–CV–1318, 00–CV–1456.

District of Columbia Court of Appeals.

Argued Oct. 17, 2001.

Decided Feb. 15, 2007.

L. Palmer Foret, Washington, DC, for appellant.

Tina L. Snee, Fairfax, VA, with whom Matthew J. Parini, was on the brief, for appellee.

Before RUIZ, Associate Judge, and PRYOR and TERRY, Senior Judges.*

TERRY, Senior Judge:

Appellant, Karen Macci, appeals from two separate orders of the Superior Court. The first order granted summary judgment to appellee, Allstate Insurance Company; the second denied appellant's motion for relief from judgment under Superior Court Civil Rule 60(b)(1). The circumstances of this case closely parallel those in *Conteh v. Allstate Insurance Co.,* 782 A.2d 748 (D.C.2001). Because *Conteh* is dispositive, we affirm the order grant-

---

* Judge Terry was an Associate Judge of the court at the time of argument. His status changed to Senior Judge on February 1, 2006.

ing summary judgment to Allstate. However, for reasons which we shall explain in part III of this opinion, we vacate the order denying the Rule 60(b)(1) motion as to Allstate and remand the case to the trial court for further proceedings.

## I

On March 22, 1995, as appellant was walking near the intersection of K Street and Wisconsin Avenue, Northwest, in the District of Columbia, she was struck and injured by a car driven by Laurent Dummas, an uninsured motorist. Appellant sought to recover for her injuries by filing a civil action in 1997 against Dummas and her own automobile insurance carrier, Allstate Insurance Company, alleging negligence by Dummas and a breach of contract—failure to pay uninsured motorist benefits—by Allstate.[1] Appellant was unable to locate Dummas and serve him with a summons and complaint, however, and as a result the court dismissed Dummas from the case without prejudice. Allstate then filed a motion for summary judgment, contending that appellant was required to show Dummas' legal liability to her in the form of a judgment before it was obliged to provide uninsured motorist coverage under the terms of its policy. Because Dummas had been dismissed from the suit, appellant was unable to establish his liability; consequently, the trial court agreed with Allstate and granted its motion for summary judgment.

After that judgment was entered, appellant made another attempt to serve Dummas with a summons and complaint, and this time she was successful. Appellant then filed a motion for relief from judgment under Rule 60(b)(1) seeking to reopen the case against both Dummas and Allstate. The court ruled that appellant's inability to serve Dummas amounted to excusable neglect because Dummas had intentionally avoided service of process. The court therefore granted the motion as to Dummas and vacated its earlier order dismissing him from the case as a defendant. With respect to Allstate, however, the court found no grounds for reopening the case. It found that service of process occurred after the court granted judgment to Allstate and that Allstate had previously defended the action before the court. Finally, the court noted that appellant still had not obtained a judgment against Dummas, and that she was therefore still ineligible to recover under the terms of her uninsured motorist coverage despite her successful service of process on Dummas. For these reasons, the court denied the Rule 60(b)(1) motion for relief from judgment as to Allstate.

Appellant then filed a motion for default against Dummas, which the court granted. After an *ex parte* proof hearing, the court entered a default judgment against Dummas for $9,000.

## II

In *Conteh v. Allstate Insurance Co.*, 782 A.2d 748 (D.C.2001), this court addressed substantially the same issue appellant rais-

1. This action was preceded by two others in which appellant sought damages. In Superior Court case number CA–5255–96, appellant sued both Dummas and Allstate. In that suit, Allstate was dismissed as a party by joint praecipe; later, the court dismissed the claim against Dummas without prejudice after appellant could not locate him and serve him with process. In Superior Court case number CA–8247–96, appellant again sued Dummas after discovering that he had given a false address in Maryland on the accident report. Appellant was unable to serve him at his real address in Michigan, however, and the court again dismissed her complaint without prejudice. The instant action is appellant's third attempt at recovery.

es in her appeal from the summary judgment. Allstate's contract of insurance, formed in Virginia, expressly incorporates Virginia Code § 38.1–381 "and all Acts amendatory thereof or supplementary thereto...." Section 38.1–381 has been superseded by Virginia Code § 38.2–2206, which states in relevant part:

A. [With an exception not pertinent here], no policy or contract of bodily injury or property damage liability insurance relating to the ownership, maintenance, or use of a motor vehicle shall be issued or delivered in this Commonwealth [of Virginia] to the owner of such vehicle ... unless it contains an endorsement or provisions undertaking to pay the insured all sums that he is legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle.

\* \* \* \* \* \*

F. If any action is instituted against the owner or operator of an uninsured ... motor vehicle by any insured intending to rely on the uninsured ... coverage provision or endorsement of this policy under which the insured is making a claim, then the insured shall serve a copy of the process upon the insurer in the manner prescribed by law, as though the insurer were a party defendant.... The insurer shall then have the right to file pleadings and take other action allowable by law in the name of the owner or operator of the uninsured ... motor vehicle or in its own name.

Va.Code Ann. § 38.2–2206 (2002). The Virginia courts have interpreted this section to require an injured party seeking to recover under uninsured motorist coverage to show that a judgment has been obtained against an uninsured motorist before there can be any recovery against an insurer.

*See Conteh,* 782 A.2d at 751 (citing *Midwest Mutual Insurance Co. v. Aetna Casualty & Surety Co.,* 216 Va. 926, 929, 223 S.E.2d 901, 904 (1976) (requiring proof of a judgment before proceeding against an insurance carrier), and *Willard v. Aetna Casualty & Surety Co.,* 213 Va. 481, 482, 193 S.E.2d 776, 778 (1973) (same)). "[S]ection 38.2–2206 effectively bars direct action solely against an insurance carrier for uninsured motorist coverage." *Conteh,* 782 A.2d at 751.

■ At the time the court granted Allstate's summary judgment motion, this case was effectively a direct action against Allstate. Earlier in the proceedings, the court had dismissed Dummas as a defendant, without prejudice, after appellant had been unable to serve him. Without a judgment determining Dummas' legal liability, appellant had not fulfilled a condition precedent to recovery under the express terms of the insurance policy. As a result, she was not in a position to bring a claim against Allstate. Accordingly, we hold, on the authority of *Conteh,* that the court properly granted Allstate's motion for summary judgment.

■ We are completely unpersuaded by appellant's argument that the District of Columbia's no-fault motor vehicle insurance statute is evidence of an express public policy mandating recovery under her Virginia insurance policy. The no-fault statute requires both residents and nonresidents of the District who operate motor vehicles within the District to have certain prescribed minimum coverage, including mandatory uninsured motorist protection. *See* D.C.Code § 31–2406 (2001).[2] This mandatory coverage provision, however, does not constitute an express public policy requiring recovery under such coverage even when the terms and conditions

---

**2.** Formerly codified as D.C.Code § 35–2106 (1997).

of the insurance contract have not been met. Rather, it simply requires that owners and operators of motor vehicles in the District of Columbia have insurance coverage that meets or exceeds the statutory minimum amounts, regardless of their residency status.

Although we cannot discern appellant's uninsured motorist coverage limits from the copy of the Allstate insurance policy in the record, the policy declaration page indicates that she did, in fact, purchase such coverage. The statutory minimum requirements for uninsured motorist coverage in Virginia meet or exceed the requirements of D.C.Code § 31–2406(f)(2). *See* Va.Code Ann. § 46.2–472.3 (2002). Without any showing to the contrary, we assume for the sake of argument that appellant's policy fulfilled all of the requirements of the District of Columbia statute. We also note, however, that the coverage appellant seeks in this case is based on the policy which she purchased as a Virginia resident and motor vehicle owner, not on District of Columbia law or public policy. Moreover, appellant was a pedestrian at the time she was struck by Mr. Dummas' car, and as such she was not required by the District of Columbia to have any uninsured motorist protection at all. District law does provide for pedestrian victims injured by uninsured motorists through an uninsured motorist fund, *but only if* they comply with certain statutory conditions. *See* D.C.Code § 31–2408.01 (2001). Neither this section nor any other part of the District's no-fault law can be read as granting a right of automatic recovery to any policyholder injured by an uninsured motorist (which is what appellant seeks) even when the policyholder fails to comply with a condition precedent to recovery that is set forth in the policy itself. For these reasons, appellant's public policy argument is untenable.[3]

### III

■ Appellant also appeals from the order denying her motion for relief from the judgment for Allstate under Civil Rule 60(b)(1).[4] We review the denial of such a motion for abuse of discretion. *See, e.g., Starling v. Jephunneh Lawrence & Associates,* 495 A.2d 1157, 1159–1160 (D.C. 1985); *Joseph v. Parekh,* 351 A.2d 204, 205 (D.C.1976). The trial court in this case, in considering appellant's motion, applied the oft-cited factors set forth in *Starling:* (1) whether the movant had actual notice of the proceedings; (2) whether the movant acted in good faith; (3) whether the movant took prompt action; (4) whether the movant presented an adequate defense; and (5) whether the non-moving party would suffer prejudice if the motion were granted. *See Starling,* 495 A.2d at 1159–1160. In a more recent case, we have elaborated on the Rule 60(b) prejudice analysis to include more factors such as (6) prejudice to the movant if the motion were denied, (7) the lack of prejudice to the non-movant if the motion were denied, and (8) reasonable diligence in the movant's attempts to comply with the court's rules. *See Debose v. Ramada Renaissance Hotel,* 710 A.2d 880, 882 (D.C.1998). All of these factors have their roots in the liberal ap-

---

3. We also reject appellant's argument that District of Columbia law controls because it is "procedural" for the same reasons we stated in *Conteh. See* 782 A.2d at 751.

4. Appellant brought the motion under both Rule 59(e) and Rule 60(b). We treat the motion, as the trial court did, as a motion for relief from judgment under Rule 60(b) because the successful service of Dummas presented new circumstances for the court to consider. *See Amatangelo v. Schultz,* 870 A.2d 548, 553 (D.C.2005); *Wallace v. Warehouse Employees Union,* 482 A.2d 801, 804 (D.C.1984).

proach that we take to Rule 60(b) motions in cases that are not resolved on the merits but instead default for procedural reasons. *See, e.g., Dunn v. Profitt,* 408 A.2d 991, 993 (D.C.1979); *Union Storage Co. v. Knight,* 400 A.2d 316, 318 (D.C.1979); *Jones v. Hunt,* 298 A.2d 220, 221–222 (D.C. 1972).

■ In this case, the trial court, after addressing all of the *Starling* factors, ruled in appellant's favor as to some of them and in Allstate's favor as to others. Critically, however, the court held that appellant had failed to show that Allstate would not be prejudiced if her Rule 60(b) motion were granted. In its consideration of the prejudice issue, the court cited Allstate's multiple attempts to defend the three cases (see note 1, *supra*) arising from the incident in which appellant was injured. It ruled that vacating the prior judgment on the merits would be prejudicial to Allstate. The court stated that appellant had had an opportunity for "her day in court" with Allstate, but had made a fatal mistake—namely, she "chose to ignore the fact that Virginia law governs the insurance contract issue"—while pursuing her cause of action. It concluded that there was no adequate reason to rectify her error and denied the Rule 60(b) motion with respect to Allstate.

On the present record, we cannot agree with the trial court that Allstate will suffer undue prejudice if it is required to return to court. We note, for example, that the court was mistaken when it said in its order that Allstate had defended against appellant's claim a total of three times. In the first case that appellant brought, Allstate was dismissed as a defendant by joint praecipe—*i.e.,* by agreement of the parties—and in the second case Allstate was not even named as a defendant. Thus it is difficult to see how the possibility of renewed litigation in this case would result

in undue prejudice to Allstate. Indeed, renewed litigation is exactly the remedy that Rule 60(b) contemplates if the moving party prevails on his or her motion. We hold, therefore, that the court's finding that Allstate would be prejudiced by having to return to court and litigate the matter anew is not sufficient to support the denial of relief under Rule 60(b) to appellant.

On the other hand, Allstate has a right under the terms of its policy to intervene and defend the case in the place of the uninsured motorist. Because the case against Allstate was dismissed before appellant obtained a default judgment against Dummas, there is at least a question (which we cannot answer on this record) about whether Allstate had an opportunity to exercise that right. Conversely, appellant has now obtained a judgment against Dummas, thereby curing the procedural defect that caused her to lose on summary judgment. Furthermore, she moved promptly to seek Rule 60(b) relief as soon as she was able to effect service on Dummas. Indeed, in the first of her three suits she did try to comply with Virginia law by suing both Allstate and Dummas together, but that effort was foiled by Dummas' evasion of service, not by any failure on appellant's part.

This congeries of factors—some arguably favorable to appellant, some arguably favorable to Allstate—persuades us that the trial court should take a fresh look at appellant's Rule 60(b) motion. We therefore return this case to the trial court and direct it to reconsider the Rule 60(b) motion *de novo* as to Allstate, weighing all of the *Starling* factors, along with any other facts and legal arguments that either party may present. In undertaking that reconsideration, of course, the court should consider any change in circumstances that may have occurred since the motion was

originally decided, including in particular the fact that Dummas' liability has now been established by the default judgment against him.

## IV

For the reasons stated in part II of this opinion, and in light of our decision in *Conteh*, we affirm the trial court's order in appeal No. 00–CV–1318 granting summary judgment to Allstate. For the reasons stated in part III of this opinion, we vacate the order in appeal No. 00–CV–1456 denying the Rule 60(b) motion with respect to Allstate. The case is remanded to the trial court with instructions to reconsider the Rule 60(b) motion *de novo*.

*Affirmed in part, vacated in part, and remanded for further proceedings.*