**William I. MINOR III,
et al, Appellants,**

v.

**SPRINGFIELD BAPTIST CHURCH,
et al, Appellee.**

**No. 07–CV–460.**

District of Columbia Court of Appeals.

Argued Nov. 25, 2008.

Decided Jan. 29, 2009.

Before RUIZ, GLICKMAN and THOMPSON, Associate Judges.

**ORDER**

PER CURIAM:

This case arises from the exposure of a child to lead paint while he resided in a property owned by appellee Springfield Baptist Church.[1] After a two week trial, the jury returned a verdict of $100,000 against Springfield Baptist Church. Appellants timely filed a motion for a new trial arguing that the jury's verdict was

---

1. The child later resided in a property owned and managed by Joseph K. Asamoah, where his exposure to lead paint continued. Prior to trial, summary judgment was granted in favor of Asamoah on appellants' claims. Appellee's cross-claim against Asamoah for indemnification and/or contribution was dismissed without prejudice, by stipulation of the parties.

inadequate and against the weight of the evidence. The trial court denied that motion on December 11, 2006. The court's order was stamped "DOCKETED in Chambers DEC 20 2006" and "MAILED From Chambers DEC 21 2006." After being notified on February 5, 2007 by appellee's counsel that the motion for a new trial had been denied, appellants filed an untimely appeal on February 6, 2007, approximately two weeks after the time to appeal had expired.[2] On February 13, 2007, claiming excusable neglect, appellants filed a Rule 60 motion in the trial court to vacate and re-enter the order denying their new trial motion to permit appellants to file a timely appeal. That motion was also denied. It is that denial that we address in this appeal.

## I.

Appellants argue that pursuant to Superior Court Civil Rule 77(d), the Superior Court Clerk has a duty to mail notice of orders and judgments entered on the docket, and that failing to do so is a "mistake" under Rule 60(b)(1), which entitles them to relief. Notwithstanding this duty, however, Rule 77(d)(1) also provides that "[l]ack of notice of the entry by the Clerk does not affect the time to appeal or relieve or authorize the Court to relieve a party for failure to appeal within the time allowed, except as permitted in the Rules for the District of Columbia Court of Appeals." Super. Ct. Civ. R. 77(d)(1). District of Columbia Appellate Rule 4(a)(5)(A)(ii) states that "[t]he Superior Court *may* extend the time for filing the notice of appeal if: . . . that party shows excusable neglect or good cause." (emphasis added). Relying on *District of Columbia v. Watkins,* 684 A.2d 395 (D.C.1996), appellants argue that pursuant to the authority granted by D.C.App. R.

4(a)(5)(A)(ii), a "trial court may vacate and re-enter a judgment under Rule 60(b) to allow a timely appeal when neither party had actual notice of the entry of judgment, when the winning party is not prejudiced by the appeal, and when the losing party moves to vacate the judgment within a reasonable time after he learns of its entry." *Id.* at 398 (quoting *Schmittinger v. Schmittinger,* 538 A.2d 1158, 1161 (D.C. 1988)).

█ Appellants argue that the trial court should have granted their Rule 60(b) motion to vacate and re-enter judgment, citing to cases in which this court has found no abuse of discretion where Superior Court judges have exercised their discretion and granted Rule 60(b) motions to vacate and re-enter judgment for lack of notice. *See Schmittinger,* 538 A.2d at 1163; *Watkins,* 684 A.2d at 400–01; *see also Starling v. Jephunneh Lawrence & Assocs.,* 495 A.2d 1157, 1162 (D.C.1985) (reversing summary judgment for consideration whether appellants were entitled to relief under Rule 60(b)(1) for excusable neglect or under Rule 60(b)(6) for "any other reason"). Because the trial court has *discretion* to grant the Rule 60 motion, however, these cases do not mandate that the trial court must similarly vacate and re-enter judgment in this case. Indeed, we review the denial of a Superior Court Civil Rule 60 motion to extend the time for filing for abuse of discretion. *See Lynch v. Meridian Hill Studio Apts., Inc.,* 491 A.2d 515, 517 (D.C.1985); *see also Starling,* 495 A.2d at 1159. The sparse record in this case does not permit us to do so.

█ In order for this court to meaningfully review the court's exercise of discretion, unless the record otherwise indicates the basis for the trial court's ruling, the

---

**2.** That appeal was dismissed without prejudice by this court. *See* Order of April 6, 2007.

trial court must make findings of fact and explain its reason(s) for either granting or denying a Rule 60(b) motion requesting relief for excusable neglect or good cause. *See Johnson v. Lustine Realty Co., Inc.,* 640 A.2d 708, 709 (D.C.1994) (holding that trial court abused its discretion by not making the necessary inquiry and in failing to address two factors that bore directly on the Rule 60(b) motion); *see also Reid v. District of Columbia,* 634 A.2d 423, 425 (D.C.1993) ("A review of the record indicates that in denying appellants' motion ..., the trial court did not consider the factors enumerated in either Rule 60(b)(1) or in *Starling.*"). In this case, the court's Order summarily denied appellants' Rule 60(b) motion, without any indication of how the court considered the facts here—facts similar to *Schmittinger, Watkins,* and *Starling,* where neither party received notice. In addition, the record shows that appellants promptly filed a notice of appeal once they were informed of the court's denial of their new trial motion, and there is no apparent prejudice to appellee from their belated appeal. These factors would weigh in favor of granting appellants' motion. On the other hand, it is possible that the trial court faulted appellants' counsel for lack of diligence, not having kept apprised of the pending motion for a new trial. In an affidavit, however, appellants' counsel explains that he relied on the judge's comments in another case and reasonably thought the court would not be ruling on the pending motion for some time. These are all factors for the trial judge to evaluate in exercising her discretion. Accordingly, we remand the case for the trial judge to apply the proper factors to the facts in this case in deciding appellants' Rule 60(b) motion, including, if the judge deems appropriate, reconsidering her denial of the motion to vacate and re-

enter the order denying the new trial motion.

*So ordered.*