**Mary DEBOSE, Appellant,**

v.

**RAMADA RENAISSANCE HOTEL, Appellee.**

**No. 96–CV–1384.**

District of Columbia Court of Appeals.

Submitted April 1, 1998.
Decided May 7, 1998.

Donald M. Temple, Washington, DC, was on the brief for appellant.

Francis H. Foley was on the brief for appellee.

---

Before REID, Associate Judge, and PRYOR and KERN, Senior Judges.

REID, Associate Judge:

Appellant, Mary Debose, appeals the trial court's denial of her motion to reinstate her personal injury complaint against appellee, the Ramada Renaissance Hotel. She contends that the trial court abused its discretion by denying her motion to reinstate her complaint under Super. Ct. Civ. R. 60(b) on the ground of excusable neglect. We reverse and remand the matter to the trial court for further proceedings consistent with this opinion.

## FACTUAL SUMMARY

On April 16, 1996, Debose filed a negligence action against the Ramada Renaissance Hotel alleging that she sustained injuries when she fell in the shower while staying at the hotel.[1] Debose, who is a resident of Ohio, named Ramada Renaissance Techworld as the defendant in her complaint. On June 14, 1996, Debose's local counsel sought service of process by means of certified mail, return receipt requested. In accordance with Super. Ct. Civ. R. 4(m), the sixty-day time limit for filing proof of service of process in the Superior Court expired on June 17, 1996.[2] Debose failed to file proof of service by that date, however, because her counsel had not received the return receipt from Ramada. On June 28, 1996, Debose's counsel received a phone message from Andrew Tse, a claim representative from Ramada's insurer, to discuss Debose's case. The phone message was evidence to Debose's counsel that the summons and complaint had, in fact, been received by Ramada.

On July 5, 1996, pursuant to Rule 4(m), the Clerk of the Superior Court dismissed Debose's action, without prejudice, for failure to comply with the time limit for filing proof. During the relevant time period, Debose's counsel was heavily involved in preparing for and conducting a trial. The trial ended on July 11, 1996, and on July 12, 1996, Debose's counsel left the country to travel to southern Africa. Upon counsel's return to the United States, he learned that Debose's case had been dismissed under Rule 4(m).[3]

Counsel filed a Rule 60(b)(1) motion to reinstate the complaint on July 31, 1996, where he contended that the failure to comply with Rule 4(m) resulted from excusable neglect.[4] He asserted that the summons and complaint had been sent to Ramada on June 14, 1996, and that he had yet to receive the return receipt.[5] In addition, counsel stated that "[r]eceipt of the summons and complaint was implicitly acknowledged by the Defendant's Claim Representative, Andrew Tse ... [who] called the undersigned office on June 28, 1996 to discuss the complaint."[6] Counsel also explained that he was quite busy conducting a trial, and later, traveling overseas during the relevant period.

On August 28, 1996, the trial court considered Debose's motion to reinstate the complaint, and concluded that the motion to reinstate should be denied "essentially for the reasons stated by the Court of Appeals in *Cameron* [*v. WMATA*, 649 A.2d 291 (D.C. 1994) ]" because the facts in the instant case are identical to the facts in *Cameron*. In particular, the court emphasized that in this case and in *Cameron*, suit was filed

1. The alleged accident occurred on or about April 17, 1993, and Debose filed her complaint one day before the three-year statute of limitations expired. *See* D.C.Code § 12–301(8) (1995).

2. The sixtieth day actually fell on June 15, 1996, which was a Saturday. Therefore, appellant's proof of service was due on June 17, 1996, the following business day.

3. On July 12, 1996, Debose's counsel's office received notice of the Clerk's dismissal of the complaint. However, Debose's counsel was unaware of the dismissal before he traveled overseas.

4. Counsel also asserted that Debose was entitled to relief under the catch-all Rule 60(b)(6), which provides for reinstatement for any other reason justifying relief.

5. A photocopy of the postal service certified mail slip was attached to the motion for reinstatement as exhibit 1.

6. A photocopy of the message slip reflecting Tse's June 28, 1996 call was also attached to the motion to reinstate as exhibit 2.

just before the statute of limitations ran. In [*Cameron* ], plaintiff served the defendant within the sixty days permitted under then Civil Rule 4(j) (since redesignated 4(m)) but failed to file proof of that service with the clerk within the 60 day limit set by the rule. In the case at bar, plaintiff De[b]ose also did not file proof of service within the sixty day limit because she never served the defendant at all. In neither case was an extension of the time to make service requested.

In short, the trial court was "unpersuaded that counsel's reasons for failing to effect service constitute[d] 'excusable' neglect."

Subsequent to the court's order denying the motion, Debose received a copy of the return receipt which indicated that Ramada received the summons and complaint on June 20, 1996. Debose seeks review of the court's denial of her motion to reinstate under Rule 60(b).

### ANALYSIS

The issue presented in this appeal is whether the trial court abused its discretion in denying, under Rule 60(b), Debose's motion to reinstate her complaint. Debose contends that the trial court should not have denied her motion to reinstate because her delay in filing the proof of service was due to excusable neglect, and that she would suffer extreme and undue hardship if relief is not granted, while there would be no prejudice to Ramada if the dismissal is set aside. We reverse based upon the factors set forth in *Starling v. Jephunneh Lawrence & Assoc.*, 495 A.2d 1157, 1159–60 (D.C.1985), and reiterated in *Ripalda v. American Operations Corp.*, 673 A.2d 659, 662 (D.C.1996); and upon factors discussed in *Cameron, supra.*

The trial court relied on our opinion in *Cameron.* However, the court misread that case as suggesting that the only consideration was "counsel's reasons for failing to effect service." In *Cameron* and subsequently in *Bulin v. Stein*, 668 A.2d 810 (D.C. 1995), we recognized a number of additional factors as relevant to a decision on a motion to reinstate a dismissal for failure to file timely proof of service. These included:

prejudice to the plaintiff, the lack of prejudice to the defendants, and reasonable diligence in attempting to comply with the rules. *Cameron, supra,* 649 A.2d at 294 (quoting *Tso v. Delaney,* 969 F.2d 373, 377 (7th Cir. 1992) (citations omitted)). Factors somewhat similar to the *Cameron* factors are applied to a Rule 60(b) motion, and must be considered by the trial court in the exercise of its discretion.

We have stated that when ruling on a Rule 60(b) motion:

in addition to determining whether there has been "[m]istake, inadvertence, surprise, or excusable neglect," [the trial court] is required to consider the following five factors: "whether the movant (1) had actual notice of the proceedings; (2) acted in good faith; (3) took prompt action; and (4) presented an adequate defense. (5) Prejudice to the non-moving party is also relevant."

*Ripalda, supra,* 673 A.2d at 662 (quoting *Starling, supra,* 495 A.2d at 1159–60) (other citations omitted).

The *Cameron* factors of reason for failure to comply and reasonable diligence in attempting to comply with the civil procedure rules reflect in large measure three of the *Starling* and *Ripalda* factors: actual notice, action in good faith, and the taking of prompt action. The trial court did not fully consider these factors. Consequently, on the record before us, the trial court failed to fully consider evidence that counsel for Debose (1) may not have had actual notice that the case had been dismissed; (2) acted in good faith in his belief, from the insurer's phone call, that Ramada had received the summons and complaint; (3) promptly took action to have the complaint reinstated upon learning of the dismissal; and (4) exercised reasonable diligence in attempting to comply with the civil procedure rules. Further, analogous to *Starling's* "adequate defense" factor, we note the absence of any argument, in opposition to the motion to reinstate, that the complaint failed to state a claim for which relief could be awarded. Finally, the trial court did not

take into account the prejudice to Debose,[7] nor the apparent lack of prejudice to Ramada.

In sum, since the trial court took too limited a view of the factors relevant to the exercise of its discretion, *see Johnson v. United States*, 398 A.2d 354 (D.C.1979), we reverse with instructions to determine whether Debose is entitled to Rule 60(b) relief under the *Starling/Ripalda* and *Cameron/Bulin* factors.

*Reversed.*

7. The trial court stated that counsel's actions were "certainly neglectful of Ms. Debose's inter- ests, but . . . hardly excusable."