Yolanda McDANIELS, Appellant,

v.

Linda BROWN, et al., Appellees.

No. 98–CV–434.

District of Columbia Court of Appeals.

Submitted Oct. 28, 1999.

Decided Nov. 18, 1999.

James R. Becker filed a brief for appellant.

Patrick J. Christmas, Washington, DC, filed a brief for appellees.

Before STEADMAN and SCHWELB, Associate Judges, and FERREN, Senior Judge.

SCHWELB, Associate Judge:

Yolanda McDaniels appeals from an order of the trial court denying her motion to set aside a judgment based on an arbitration award. She contends that her counsel did not receive timely notice of the award and was therefore precluded from filing a timely request for a trial *de novo*. We affirm.

## I.

## THE FACTS [1]

On May 23, 1997, plaintiffs Linda Brown and Jeannette Harris filed suit against Ms. McDaniels in the Superior Court, alleging personal injuries arising out of an automobile accident. The case was referred for

---

1. The record in this case is somewhat sparse. Our description of the procedural history is based largely on uncontradicted statements in the parties' submissions to the trial court.

non-binding arbitration pursuant to the Superior Court Civil Arbitration Program Rules (hereinafter the Arbitration Rules).[2] On December 16, 1997, a hearing was held at which all parties were represented by counsel. On the following day, the arbitrator, David Florin, issued a decision in which he awarded $12,000 to Ms. Brown and $12,000 to Ms. Harris.

The arbitrator's decision contains a certificate that "a copy of this award is being mailed to all parties ...." A "cc" notation at the bottom of the award reflects that copies were mailed to counsel for plaintiffs and to the defendant, Ms. Yolanda McDaniels. There is no indication in the decision that a copy of the award was mailed to Ms. McDaniels' attorney.

No party filed a demand for trial *de novo* within fifteen days of the entry of the award. *See* Arbitration Rule X(b) ("If the time for filing a demand for trial *de novo* expires without such action, the Clerk of the Civil Division shall enter the Award as a judgment of the Court as to each party."). Although the record is unclear, the parties appear to assume that a judgment was in fact entered by the Clerk.

Notwithstanding the certificate of mailing on the face of the arbitrator's decision, it appears that copies of the document may not have been mailed at all to the parties or their counsel. Rule X (a) of the Arbitration Rules provides in pertinent part that the arbitrator "shall mail or electronically transmit [the Arbitration Award] to all parties, within fifteen days after the arbitration hearing." Nevertheless, counsel for plaintiff represented to the trial court that he had received no decision almost a month after the arbitration hearing:

> On or about January 15, 1998, counsel for Plaintiff[s] contacted Mr. Florin's office to ascertain the status of the arbitration decision. At that time, counsel's office was advised that a decision had been rendered by Mr. Florin on December 17, 1997 and copies mailed to all parties.

> Plaintiffs' counsel's office informed Mr. Florin's office that Plaintiff[s] had not received any notice of a decision and requested a copy be FAXed to Plaintiffs' counsel's office. A copy of the decision was FAXed to Plaintiff[s] on January 15, 1998. The notice indicated that copies had been mailed to undersigned counsel and Defendant.

\* \* \* \* \* \*

> Plaintiff[s] mailed a copy of the arbitration award to counsel for Defendant on January 16, 1998. Defendant's counsel states that she received that award on January 21, 1998.

On February 9, 1998, nineteen days after having received actual notice of the arbitrator's decision, counsel for Ms. McDaniels filed a motion to set aside the judgment and for leave to file a demand for trial *de novo*. On February 12, 1998, counsel for plaintiffs filed an opposition. On February 13, 1998, the court entered an order denying Ms. McDaniels' motion "for reasons stated in Plaintiffs' Opposition." This appeal followed.

## II.

In *Allstate Ins. Co. v. Robinson,* 645 A.2d 591 (D.C.1994), this court held that a judgment affirming an arbitration award was void where the appellant had not been served with the arbitrator's decision and had therefore been precluded from making a timely demand for a trial *de novo*. The court stated:

> It is well settled that "an individual is entitled to fair and adequate notice of ... proceedings that will affect his rights, in order that he may have an opportunity to defend his position." *Carroll v. District of Columbia Dep't of Employment Servs.,* 487 A.2d 622, 623 (D.C.1985) (per curiam). Rule IX, *supra,* requires that arbitrating parties

---

**2.** These Rules are to be found in Super. Ct. Civ. Arb. R. I through XV (1998).

will be notified of the filing of the award, thus affording them the opportunity to file a praecipe for a trial *de novo* within the fifteen-day period. In the instant case, Allstate was precluded from demanding such a trial *de novo* because of the lack of service. Under these circumstances, the judgment against Allstate cannot stand.

*Id.* at 593. (Additional citations omitted.) Relying on *Allstate,* Ms. McDaniels contends that the arbitrator's failure to serve her attorney with a copy of his decision rendered void the judgment affirming the award.

■ Ms. McDaniels did not disclose in her motion whether she personally (as distinguished from her counsel) had received a copy of the arbitrator's decision. There is a rebuttable presumption that letters which have been correctly addressed, stamped and mailed have been received by the addressee. *Toomey v. District of Columbia,* 315 A.2d 565, 567 (D.C.1974) (per curiam). Ordinarily, we would presume that Ms. McDaniels received a copy of the arbitrator's decision. In the present case, however, the applicability of the presumption described in *Toomey* is questionable, for notwithstanding the certificate of mailing, plaintiffs' counsel likewise had not received a copy of the decision almost a month after it was supposed to have been sent to him, and there is reason to doubt whether Ms. McDaniels received a copy when opposing counsel did not.[3]

■ Even if the arbitrator's decision had been mailed to Ms. McDaniels, we would not be prepared to hold that the arbitrator's service on a client who is represented by counsel satisfies the obligation to serve her attorney. Rule 5(b) of the Superior Court's Rules of Civil Procedure provides, in pertinent part, as follows:

**3.** The trial judge made no finding on this subject.

**4.** We note, on the other hand, that the constructive notice issue does not appear to have

Whenever under these Rules service is required or permitted to be made upon a party represented by an attorney the service shall be made upon the attorney unless service upon the party is ordered by the Court.

"If a party is represented by counsel, any service made directly on that party, unless expressly ordered by the court ..., is invalid as not complying with the provisions of Rule 5 and may also be a violation of professional ethics." 1 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE § 5.04[1][a], at 5.25 (3d ed.1999). Although Rule 5(b) sets forth the obligations of parties, rather than of, *e.g.,* judges or arbitrators, we conclude that service of an arbitrator's decision must likewise be made on the attorney for a represented party.

■ The plaintiffs contend, however, that Ms. McDaniels had constructive notice of the award. They argue that her attorney failed to monitor developments in the arbitration, and that if she had kept abreast of these developments, she would have become aware of the arbitrator's decision. The plaintiffs' position is not implausible. Rule X(a) of the Arbitration Rules required the arbitrator to file his decision, and to mail or electronically transmit it to the parties, within fifteen days of the hearing, *i.e.,* by December 31, 1997. When Ms. McDaniels' attorney had not received notice of a decision by the beginning of January, she was at least on inquiry notice of some unexplained delay, and she failed to make any inquiry. We are reluctant to predicate a ruling in the plaintiffs' favor upon counsel's failure, however, for the appellant in *Allstate* could also have been deemed to be on inquiry notice as a result of the arbitrator's failure to serve his award on counsel, and the court nevertheless held the award in that case to be void.[4]

been addressed in *Allstate.* "Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents." *Webster v.*

But in the present case, the failure of Ms. McDaniels' attorney to monitor the arbitration case was compounded by her inaction after the issuance of the arbitrator's decision was brought to her attention. Specifically, Ms. McDaniels' attorney took no action to challenge the award until nineteen days after she had received notice of the decision from opposing counsel. Assuming, without deciding, that Ms. McDaniels' obligation under Arbitration Rule XI (b) to file a demand for trial *de novo* within fifteen days after the filing of the award was tolled, under *Allstate,* by the arbitrator's failure to serve her counsel, such hypothetical tolling could not logically continue once Ms. McDaniels' attorney had received a copy of the arbitrator's decision. Nevertheless, counsel for Ms. McDaniels did not take any action to seek a trial *de novo* until more than fifteen days had elapsed from her actual receipt of the decision.[5] We therefore conclude that Ms. McDaniels' demand was untimely, and the order appealed from is

*Affirmed.*

---

*Fall,* 266 U.S. 507, 511, 45 S.Ct. 148, 69 L.Ed. 411 (1925). "The rule of *stare decisis* is never properly invoked unless in the decision put forward as precedent the judicial mind has been applied to and passed upon the precise question." *Murphy v. McCloud,* 650 A.2d 202, 205 (D.C.1994) (citation omitted).

5. Ms. McDaniels' attorney labelled her February 9, 1998 filing a "Motion to set aside judgment and for leave to file a request for trial *de novo.*" She asserted that the motion was being filed pursuant to Super. Ct. Civ. R. 60(b).

A judgment entered upon an arbitration award may not be made the subject of a motion under Rule 59 or Rule 60(b) of the Superior Court's Rules of Civil Procedure, *see* Arbitration Rule X(b), and Ms. McDaniels' motion therefore could not properly be entertained under Rule 60(b). *See, e.g., Siddiq v. Ostheimer,* 718 A.2d 145, 146–47 (D.C.1998). But "[t]he nature of a motion is determined by the relief sought, not by its label or caption." *Frain v. District of Columbia,* 572 A.2d 447, 450 (D.C.1990). The essence of Ms. McDaniels' motion was her request that the arbitration award be set aside and that the case be tried *de novo,* and Arbitration Rule XI (b) required such a motion to be filed, at the latest, fifteen days after Ms. McDaniels received notice of the arbitrator's decision.