**Beverly BROWN, Appellant,**

v.

**KONE, INC. 2020K L.P. and Quadrangle Management Company, Appellees.**

No. 03–CV–281.

District of Columbia Court of Appeals.

Submitted Jan. 13, 2004.

Decided Jan. 29, 2004.

Beverly Brown, pro se.

Eugene A. Arbaugh, Jr. was on the brief for appellee Kone, Inc.

Kim D. Rodney–Brooks was on the brief for appellees Quadrangle Management Company and RGA, Inc.

Before SCHWELB and REID, Associate Judges, and FERREN, Senior Judge.

REID, Associate Judge:

Appellant Beverly Brown appeals the trial court's denial of her Super. Ct. R. 60(b) motion to reinstate her personal injury complaint against appellees, Kone, Inc., 2020K L.P. and Quadrangle Management Co. Ms. Brown claims[1] that the trial court abused its discretion when it failed to consider whether she actually had notice of the trial court's order of dismissal or had extenuating circumstances that prevented her from promptly complying with the discovery schedule. She also contends that the trial court abused its discretion by failing to consider imposition of a less drastic sanction than dismissal of her claim. We reverse and remand the matter to the trial court for further proceedings consistent with this opinion.

## FACTUAL SUMMARY

The record before us shows that on July 22, 1999, Ms. Brown stepped inside an elevator in a building located at 2020 K Street, N.W., in the northwest quadrant of the District of Columbia. The elevator suddenly dropped from approximately the seventh floor to near the third floor, and caused Ms. Brown to be "thrown around," allegedly inflicting serious injury to her back.

On January 29, 2002, counsel for Ms. Brown filed a negligence action against RGA, Inc., which owned the building at 2020 K Street; Kone, Inc., which contracted with RGA, Inc. to inspect and maintain the elevator; and Quadrangle Management Co., which contracted with RGA, Inc. to manage and service the building.[2] A scheduling order was issued to the parties and later modified after the parties filed a Joint Consent Motion to Modify Scheduling Order. Under the modified order, defendants' Rule 26(b)(4) statement was due on December 11, 2002, and the close of discovery was set for January 11, 2003. Discovery proceeded and Ms. Brown was deposed on November 12, 2002.[3] On No-

---

1. Ms. Brown also claims that the trial court abused its discretion by failing to make sure, that in her role as a *pro se* litigant, she was apprised of the relevant procedural rules. We need not reach this issue.

2. An amended complaint was accepted for filing on July 17, 2002, substituting 2020K L.P., for defendant RGA, Inc.

3. Ms. Brown's deposition had been scheduled for October 11, 2002, but was rescheduled for November 7, 2002, because the parties decided to hold a meeting instead. Ms. Brown's

vember 26, 2002, counsel for Ms. Brown made a motion to withdraw appearance as her counsel. That motion was granted on December 3, 2002. Ms. Brown's Independent Medical Examination ("IME") was scheduled for December 9, 2002, but she did not appear, she asserted, "because [her] husband was in a serious car accident."

On December 11, 2002, Kone, Inc. filed a Joint Motion to Dismiss and Motion for Costs on behalf of itself and co-defendant 2020K L.P. Ms. Brown, who at this time was acting *pro se,* claims that she never received a copy of this Joint Motion to Dismiss and Motion for Costs.[4] On January 6, 2003, the trial court granted the defendants' Joint Motion to Dismiss and Motion for Costs.[5]

Sometime, around mid-January, 2003, Ms. Brown received the order dismissing her case. On February 11, 2003, she made a motion pursuant to Super. Ct. Civ. R. 60(b) to reinstate her action. The following day, Kone, Inc., filed an opposition to the Motion to Vacate the Order of Dismissal Pursuant to Rule 60(b). On February 20, 2003, the trial court denied Ms. Brown's motion, asserting only that: "The court is persuaded by defendant Kone's arguments." In the defendants' motion to vacate, they argued that Ms. Brown: 1) filed an untimely motion to vacate; 2) was less than truthful about not receiving the Joint Motion to Dismiss and Motion for Costs; 3) could not show pursuant to Rule 60(b) "any mistake, inadvertence, surprise,

excusable neglect, newly offered evidence, fraud or any other reason to justify relief from the Court's order"; 4) failed to attend the first scheduled deposition and the later scheduled IME and provided no documentation "why"; and 5) failed to comply with the scheduling order deadlines thus forfeiting her right to discovery and to file motions. Ms. Brown timely appealed.

## ANALYSIS

Ms. Brown contends that the trial court abused its discretion in denying, under Rule 60(b), her motion to reinstate her complaint. She argues that the trial court should not have denied her motion to reinstate because her husband's automobile accident prevented her from complying with the scheduled date for her IME. She asserts that she never received the Joint Motion to Dismiss and Motion for Costs. Finally, Ms. Brown argues that the trial court never considered a lesser sanction than dismissal.

We reverse based upon the factors set forth in *Starling v. Jephunneh Lawrence & Assocs.,* 495 A.2d 1157, 1159–60 (D.C.1985), and reiterated in *Ripalda v. American Operations Corp.,* 673 A.2d 659, 662 (D.C.1996). "A Rule 60(b) motion cannot be used as a substitute for appeal, *Leeks v. Leeks,* 316 A.2d 859, 860 (D.C. 1974), and appellate review of the denial of such a motion is limited to determining whether or not the trial court abused its discretion. *Joseph v. Parekh,* 351 A.2d 204, 205 (D.C.1976)." *Johnson v. Marche-*

counsel advised defense counsel that she could not give her deposition on November 7 due to a "business meeting." It was rescheduled for November 12, and despite Ms. Brown's request to postpone it, it proceeded on November 12, 2002.

4. The certificate of service for the Joint Motion shows that the motion was mailed to Ms. Brown's home address.

5. Ms. Brown had to pay costs of $250, which was the amount of the cancellation fee paid by the appellees for the physician who was scheduled to examine her on December 10, 2002.

ta Investors Ltd. P'shp., 711 A.2d 109, 111 (D.C.1998). We have stated that when ruling on a Rule 60(b) motion:

> in addition to determining whether there has been 'mistake, inadvertence surprise, or excusable neglect,' [the trial court] is required to consider the following five factors: 'whether the movant (1) had actual notice of the proceedings; (2) acted in good faith; (3) took prompt action; and (4) presented an adequate defense. (5) Prejudice to the non-moving party is also relevant.'

Debose v. Ramada Renaissance Hotel, 710 A.2d 880, 882 (D.C.1998) (quoting Ripalda, supra, 673 A.2d at 662) (quoting Starling, supra, 495 A.2d at 1159–60) (other citations omitted).

Here, the trial court did not specifically address the five factors set forth in Starling, supra, and reiterated in other cases. The court simply stated that it was "persuaded by defendant Kone's arguments." In opposing Ms. Brown's motion to vacate the order of dismissal, Kone, Inc. did not mention the Starling factors; nor did it cite any case law. Therefore, we cannot say that the trial court implicitly considered these factors.

As to the first factor, "actual notice," the trial court made no factual findings concerning whether Ms. Brown had "actual notice" of the defendants' Joint Motion to Dismiss and Motion for Costs. While the trial court may have been persuaded by Kone, Inc.'s argument that Ms. Brown was less than truthful about receiving the dismissal motion, which allegedly was sent to her home by mail, no credibility determination appears in the record. Nor is it evident that the trial court relied on the "rebuttable presumption that [mail] which

[has] been correctly addressed, stamped and mailed [has] been received by the addressee." McDaniels v. Brown, 740 A.2d 551, 554 (D.C.1999) (citing Toomey v. District of Columbia, 315 A.2d 565, 567 (D.C.1974) (per curiam)). With respect to the second factor, good faith action, there also are no specific findings concerning Ms. Brown's efforts to respond to defendants' request that she submit to an IME. Nothing in the record indicates that defendants filed a Rule 37 Motion to Compel Ms. Brown to comply with their requests either that she appear for her deposition, or for an IME. Indeed, Ms. Brown's deposition was completed approximately one month prior to the filing of the joint dismissal motion. Moreover, there is no showing on this record that defendants either demanded proof of Ms. Brown's husband's December 9, 2002, accident, or sought to compel her to appear for the IME.[6]

The third Starling factor pertains to the promptness of Ms. Brown's action in moving to reinstate her complaint. Again the trial court made no finding regarding this factor; nor is it mentioned in defendants' opposition to Ms. Brown's motion. The record indicates that Ms. Brown may have acted with reasonable promptness in filing her motion. Under the modified discovery order, which was agreeable to all parties, discovery was not scheduled to close until January 11, 2003. Ms. Brown states that she discovered in mid-January 2003 that her complaint had been dismissed. By February 11, 2003, she had filed a motion to vacate this order.

In the case of a plaintiff, we have examined the fourth Starling factor, "adequate

---

6. While the record reveals no defense motion to compel Ms. Brown to submit to an IME, defendants 2020K L.P. and Quadrangle Management Co. filed a motion to compel Kone, Inc. to respond to its Second Request for Production of Documents, and the trial court granted that motion on January 28, 2003.

defense," in the context of a claim for relief. And what we said in *Debose, supra,* is applicable in this case: "[A]nalogous to *Starling*'s 'adequate defense' factor, we note the absence of any argument, in opposition to the motion to reinstate, that the complaint failed to state a claim for which relief could be awarded." *Id.* at 882. Defendants' opposition to Ms. Brown's motion to reinstate does not discuss the merits of her complaint. As for the "prejudice" factor, the trial court did not draw any explicit conclusions concerning prejudice either to Ms. Brown,[7] or to appellees. Defendants argue in their opposition to the motion to reinstate that they "would suffer severe prejudice and hardship if [Ms. Brown] is allowed to continue with this matter"; that her "failure to cooperate in the discovery process made the defense of this matter impossible"; and that "all discovery deadlines in the scheduling order have now passed." Defendants do not elaborate on the nature of the "severe prejudice and hardship" to them if Ms. Brown is allowed to continue with her complaint, other than to note that the discovery deadlines have passed. Although defendants' Rule 26(b)(4) statement was due on December 11, 2002, nothing in the record suggests any unwillingness on the part of the trial court to extend that date, especially in light of the trial court's order allowing Ms. Brown's counsel to withdraw his appearance on December 3, 2002, prior to Ms. Brown's scheduled December 9, 2003 IME.

In summary, on this record we cannot say that the trial court considered the five factors set forth in *Starling, Ri-* *palda,* and *Debose, supra,* and thus, it is not clear that the trial court has exercised its discretion. *See Johnson v. United States,* 398 A.2d 354 (D.C.1979). Furthermore, nothing in the record shows that the trial court addressed a lesser sanction than dismissal,[8] but we stated in *Braxton v. Howard Univ.,* 472 A.2d 1363, 1366 (D.C. 1984), that "a court's failure to consider lesser sanctions constitutes a separate basis for reversal, independent of whether appellee[s] [were] prejudiced by appellant['s] delay." Defendants' opposition to Ms. Brown's motion for reinstatement, on which the trial court relied in dismissing the complaint, is silent concerning the issue of a lesser sanction.

Accordingly, we reverse and remand the matter to the trial court for further proceedings consistent with this opinion.

*So ordered.*

SCHWELB, Associate Judge, concurring:

Although I concur in the judgment and join the court's opinion, I think it appropriate to add a few observations.

First, the scope of a motion pursuant to Super. Ct. Civ. R. 60(b) is "narrowly circumscribed," *Fleming v. District of Columbia,* 633 A.2d 846, 849 (D.C.1993), and "extremely meagre." *Clement v. District of Columbia Dep't of Human Servs.,* 629 A.2d 1215, 1219 (D.C.1993) (citation omitted). "[W]e do not review or determine the merits of the underlying action, but only decide whether there has been an abuse of discretion by the trial court."

---

7. Although the trial court struck the words "with prejudice" from defendants' proposed order before signing it, in effect, the dismissal was with prejudice since pursuant to D.C.Code § 12–301(8) (1995) (2003) the three-year statute of limitations on Ms. Brown's claim has expired.

8. We note that the trial court required Ms. Brown to pay the "$250 cancellation fee" and also dismissed her complaint.

*State Farm Mut. Auto. Ins. Co. v. Brown,* 593 A.2d 184, 185 (D.C.1991). To the extent, if any, that Ms. Brown may be challenging the merits of the original order (rather than the trial judge's refusal to reconsider that order on grounds asserted in the Rule 60(b) motion), she cannot prevail. *Fleming,* 633 A.2d at 848–49.

Second, the judge has already indicated her probable disposition on remand of some of the issues presented. If, as she stated, she was "persuaded by defendant Kone's arguments," she is unlikely to credit Ms. Brown's claim that she never received the Joint Motion, which was mailed to Ms. Brown's address. Moreover, a finding by the judge that Ms. Brown acted in good faith would be difficult to reconcile with her earlier acceptance of Kone's arguments.

Nevertheless, when a trial judge elects to leave intact the drastic remedy of dismissal of the action, without any explicit consideration of lesser sanctions, she should be required to make clear and unequivocal findings on the matters prescribed by our case law. Accordingly, I agree that this court should reverse the judgment and remand the case.