*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

DISTRICT OF COLUMBIA COURT OF APPEALS

No. 18-CV-949

CONNIE RESHARD, APPELLANT,

v.

BARBARA J. STEVENSON, APPELLEE.

Appeal from the Superior Court
of the District of Columbia
(LTB-1446-18)

(Hon. John Ramsey Johnson, Motions Judge)

(Submitted October 2, 2019                    Decided February 24, 2022)

*Connie Reshard*, pro se.

*Kathryn Erklauer* was on the brief for appellee.

Before BLACKBURNE-RIGSBY, *Chief Judge*, BECKWITH, *Associate Judge*, and RUIZ, *Senior Judge*.

BECKWITH, *Associate Judge*: Connie Reshard appeals from an order denying the motion for relief from judgment she filed pursuant to Super. Ct. Civ. R. 60(b) after the trial court entered a self-executing default judgment in favor of her landlord, Barbara Stevenson. We vacate the trial court's order and remand for further proceedings.

**I.**

In January of 2018, Ms. Stevenson filed an eviction complaint—specifically, a personal use and occupancy complaint[1]—against her tenant, Ms. Reshard. An initial hearing was scheduled for February 8, 2018.[2] The day before, Ms. Reshard moved for a continuance to allow her time to obtain counsel. She returned to the courthouse to amend her continuance motion on February 8, but did not appear at the hearing that day.

On the day of the hearing, Judge John Ramsey Johnson began with a discussion of Ms. Reshard's continuance motion, which Ms. Stevenson opposed. Ms. Stevenson's counsel told the court that Ms. Reshard was an attorney and that in a prior case between Ms. Reshard and Ms. Stevenson, Ms. Reshard had twice moved for continuances to obtain counsel without then obtaining counsel. Judge Johnson noted that "normally a [continuance] motion [for] time to obtain counsel is granted" but denied Ms. Reshard's motion "given the history." After finding that Ms. Reshard

---

[1] *See* D.C. Code § 42-3505.01(d) (2020 Repl.). Ms. Stevenson served Ms. Reshard with a ninety-day notice to vacate on October 7, 2017.

[2] The process server's affidavit—which listed three failed attempts to effect personal service on Ms. Reshard in late January before a copy of the summons and complaint was posted on Ms. Reshard's door on January 28, 2018—was filed on February 5, 2018.

had been properly served with the summons and complaint, Judge Johnson entered a nonredeemable default judgment—subject to the filing of an affidavit complying with the Servicemembers Civil Relief Act—in favor of Ms. Stevenson,[3] "[g]iven [Ms. Reshard's] failure to appear to discuss the motion, given her prior cases."

Four calendar days (two business days) later, Ms. Reshard filed a motion for relief from the default judgment.[4] *See* Super. Ct. Civ. R. 60(b). She also moved to

---

[3] In relevant part, the Servicemembers Civil Relief Act (SCRA) protects individuals serving in the military from default judgments. Under the SCRA, a court "shall require the plaintiff to file with the court an affidavit . . . stating whether or not the defendant is in military service" before entering judgment for a plaintiff based on a defendant's nonappearance. 50 U.S.C. § 3931(b)(1)(A). The Superior Court Landlord and Tenant Rules reflect this requirement, such that a default becomes final as a judgment only upon the filing of a form the Superior Court has created to comply with the SCRA. *See* Super. Ct. L&T R. 14(c)(1). Ms. Stevenson filed this form on February 15, 2018. The next day, the court docketed a default judgment for possession in favor of Ms. Stevenson.

[4] Ms. Reshard titled this motion a "motion to vacate default judgment, for reconsideration of motion to continue the initial hearing in order to obtain counsel, and other relief." As noted *supra* in note 3, the default was not yet a default judgment at the time Ms. Reshard filed this motion. Different standards apply to setting aside a default and setting aside a default judgment. *See Miranda v. Contreras*, 754 A.2d 277, 280 n.4 (D.C. 2000). Nevertheless, "once judgment was entered[,] [Ms. Reshard's] argument was subject to [the standards applicable to setting aside default judgments]." *Id.*

Ms. Reshard included as exhibits to the motion a Bar Association attorney referral to Jeremy Doernberger and emails with Mr. Doernberger dated February 7. Ms. Stevenson filed an opposition to Ms. Reshard's motion for relief from the default judgment on February 22, and Ms. Reshard filed a reply on March 5.

stay her eviction pending a ruling on the motion for relief from the default judgment. A hearing on the motions was set for February 23, 2018.[5] This hearing was canceled when the parties—with Ms. Reshard represented by Andrew Kirtley of the D.C. Tenants' Rights Center, who made a limited appearance on behalf of Ms. Reshard for the day—agreed to withdraw the motion to stay the eviction.[6] Ms. Reshard later told the court that she understood that Ms. Stevenson's counsel and Mr. Kirtley had come to a "gentleman's agreement" that a writ would not be filed until there was a ruling on the underlying motion for relief from the default that was still pending before Judge Johnson.[7] Nevertheless, on March 7, 2018, Ms. Stevenson filed a writ

---

[5] Three days before the hearing, Ms. Reshard filed a motion requesting that the court deem the stay motion an emergency and grant an immediate hearing. She argued in part that the default had been entered in contravention of the court's scheduling policies and ordinary practice. Judge Brian Holeman denied the emergency motion in light of the proximity of the scheduled hearing, finding in part that Ms. Reshard had not demonstrated a substantial likelihood that she would "prevail . . . on the merits of the underlying case for possession based upon [Ms. Reshard's] alleged violation of the lease." The case for possession was not premised on a lease violation and it is not clear to what this refers.

[6] The motion for relief from the default judgment was not withdrawn, and both parties continued to treat that motion as pending notwithstanding the withdrawal of the stay motion.

[7] Ms. Reshard attached as an exhibit to her March 5 reply an email from Mr. Kirtley to Ms. Stevenson's counsel requesting, in part, "counsel's agreement not to seek a writ of restitution until the motion to vacate default is ruled on." Counsel for Ms. Stevenson denied that such an agreement was reached.

of restitution to evict Ms. Reshard.

Ms. Reshard subsequently—and repeatedly—attempted to stay execution of the writ of restitution pending resolution of her Rule 60(b) motion. She filed her first motion to stay on March 12, and a hearing was held before Judge Joan Zeldon that day. Ms. Reshard's arguments at the hearing primarily concerned the merits of the pending Rule 60(b) motion. Judge Zeldon declined to weigh in on that issue because she did not "think [Ms. Reshard was] in imminent danger of being evicted"; the fact that evictions were running behind schedule meant that "there [was] still time for Judge Johnson to rule in a way that [would] not prejudice the rights of either party." She thus did not enter a stay.

By early May, Ms. Reshard had still not received a ruling on her Rule 60(b) motion, and so she filed another application to stay execution of the writ of restitution. At a hearing on the motion before Judge Curtis E. Von Kann, Ms. Reshard argued that her eviction was now imminent and reiterated her argument that the default had been improperly entered. Judge Von Kann asked Ms. Reshard about her defenses to the underlying case and speculated that Ms. Reshard's argument that Ms. Stevenson did not intend to occupy the condominium unit was probably not a viable one. Judge Von Kann ultimately concluded that there was not a "sound basis for [him] to re-examine" what the prior judges in the case had done and denied the

stay of the writ. U.S. Marshals carried out the writ of restitution two days later, on May 11, 2018, and Ms. Stevenson regained possession of the condominium unit.[8]

On August 7, 2018, Ms. Reshard filed a motion in the trial court seeking a ruling from Judge Johnson on the February 12 motion for relief from the default. Ms. Stevenson argued in an opposition that the request was moot. Judge Johnson denied the motion on August 28 without holding a hearing. In a three-page order, Judge Johnson stated in part:

> Throughout the pendency of this matter, [Ms. Reshard] has filed various motions for continuances and stays of every hearing and ruling by this Court, purportedly to allow [her] time to obtain counsel. Each motion has been denied and as of the date of the order, defendant has not obtained counsel. Defendant has been evicted from the property in question.

Judge Johnson then noted that a default judgment ordinarily will not be vacated in a landlord–tenant action in which the tenant has already been evicted. Finally, he recounted his reasons for denying the continuance and entering a default on February 8: "that given [Ms. Reshard's] history of requesting extensions in a prior eviction

---

[8] The day before Ms. Reshard was evicted, she filed a notice of appeal seeking review of the trial court's February 8 order denying a continuance and entering a default, as well as a motion seeking a stay of the eviction pending appeal. This court denied the stay the same day and later dismissed Ms. Reshard's appeal of the entry of the default judgment as untimely filed.

action, her failure to appear, and her failure to obtain counsel despite repeated requests to do so, a continuance would not be productive." He described Ms. Reshard as seeking vacatur of that ruling on two grounds—Ms. Stevenson's failure to exhaust administrative remedies and Ms. Stevenson's failure to properly serve Ms. Reshard—and rejected them as meritless, noting that he had found at the February 8 hearing that Ms. Reshard had been properly served with the complaint and that Ms. Reshard "has not raised any facts to suggest that this ruling was made in error."

Ms. Reshard timely appealed the August 28 order.

## II.

The sole issue properly before us on appeal is Judge Johnson's denial of Ms. Reshard's motion for relief from the default judgment.[9] Judge Johnson rightly

---

[9] Ms. Stevenson argues that Ms. Reshard's challenge to the trial court's August 28 order denying relief under Rule 60(b) is moot because the motion to vacate the default was subsumed by the entry of final judgment, which Ms. Reshard did not timely appeal. Although at the time Ms. Reshard filed her February 12 motion the default had not become a default judgment, entry of a final judgment does not moot a movant's argument to set aside a default under Rule 55(c) but rather makes the argument subject to the Rule 60(b) standards for setting aside a default judgment. *See Miranda*, 754 A.2d at 280 n.4. The denial of a Rule 60(b) motion is itself an appealable order, and Ms. Reshard timely appealed that order. So while we cannot review the underlying judgment itself, the trial court's denial of the Rule

construed this motion, in relevant part, as one under Rule 60(b), which permits a court to "relieve a party . . . from a final judgment" for certain specified reasons. Super. Ct. Civ. R. 60(b); *see also Nuyen v. Luna*, 884 A.2d 650, 654–55 (D.C. 2005) (describing circumstances in which motion seeking relief from judgment should be construed as one under Rule 60(b)). We understand Ms. Reshard to be arguing that relief may be warranted for three of these reasons provided in Rule 60(b): "(1) mistake, inadvertence, surprise, or excusable neglect"; "(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party"; and "(4) the judgment is void."[10] Super. Ct. Civ. R. 60(b).

In determining whether Ms. Reshard's case fits into one of these categories, the trial court had a responsibility to "conduct a proper inquiry." *Walker v. Smith*, 499 A.2d 446, 449 (D.C. 1985); *see also Starling v. Jephunneh Lawrence & Assocs.*,

---

60(b) motion is properly before us. *See, e.g.*, *Nuyen v. Luna*, 884 A.2d 650, 654–56 (D.C. 2005) (construing motion as one under Rule 60(b), which does not toll the period for filing an appeal from the underlying order, and thus finding scope of appeal limited to the denial of the 60(b) motion).

[10] Rule 60(b) includes a catchall provision that allows a court to set aside a final judgment for "any other reason that justifies relief," Super. Ct. Civ. R. 60(b)(6), but this provision requires asserting some "other reason" aside from the grounds for relief provided elsewhere in Rule 60(b). *P'ship Placements, Inc. v. Landmark Ins. Co.*, 722 A.2d 837, 844 (D.C. 1998). No such "other reason" appears in Ms. Reshard's filings and, in any event, we would address the denial of a motion under Rule 60(b)(6) with reference to the same factors that apply to a Rule 60(b)(1) motion. *See Starling v. Jephunneh Lawrence & Assocs.*, 495 A.2d 1157, 1162 (D.C. 1985).

495 A.2d 1157, 1162 (D.C. 1985) ("This Court has long emphasized that the trial court has a responsibility to inquire where matters are raised which might entitle the movant to relief under Rule 60(b)."). Where a litigant—and especially an unrepresented litigant—is seeking to set aside a default judgment, this inquiry is particularly important. *See Dunn v. Profitt*, 408 A.2d 991, 993 & n.3 (D.C. 1979) (per curiam); *Walker*, 499 A.2d at 449 (recognizing that "[t]he risk is intensified . . . when one of the parties is unrepresented by counsel"); *Wylie v. Glenncrest*, 143 A.3d 73, 84 (D.C. 2016) ("[A]dequate inquiry into the grounds for a party's Rule 60(b) motion is especially important in landlord-tenant court, where the vast majority of tenants . . . proceed pro se because they cannot afford counsel and are unable to obtain free representation from the District's oversubscribed service providers."). That is because in the context of a default judgment, where a litigant has not presented her case, an insufficient inquiry "too heavily tip[s] the scales in favor of the need for finality," which must be "balance[d] . . . against the right to be heard." *Walker*, 499 A.2d at 449.

## A.      Relief Under Rule 60(b)(1)

We review for abuse of discretion a trial court's denial of a Rule 60(b)(1) motion seeking relief from a judgment on grounds of "mistake, inadvertence, surprise, or excusable neglect." *Brown v. Kone, Inc.*, 841 A.2d 331, 333 (D.C. 2004).

In light of "strong judicial policy favoring adjudication on the merits of a case," however, "even a slight abuse of discretion in refusing to set aside a judgment may justify reversal." *Nuyen*, 884 A.2d at 656 (first quoting *Walker*, 499 A.2d at 448–49, and then quoting *Starling*, 495 A.2d at 1159).

Courts reviewing motions seeking relief from judgment under Rule 60(b)(1) must consider five factors (the *Starling* factors): whether the movant (1) had actual notice of the proceedings, (2) acted in good faith, (3) took prompt action, and (4) presented an adequate defense, as well as (5) whether vacatur would prejudice the non-moving party. *Brown*, 841 A.2d at 334.

> Where [a] defaulting party is not guilty of willful neglect and acts with reasonable diligence after the default has been entered, sound judicial discretion requires setting aside the default if there is a prima facie showing of a meritorious defense and if setting aside the default will not prejudice the substantive rights of the opposing party.

*Wylie*, 143 A.3d at 83 (quoting *Westmoreland v. Weaver Bros., Inc.*, 295 A.2d 506, 508 (D.C. 1972)).

Here, the trial court did not cite these factors in its order denying Ms. Reshard's Rule 60(b) motion. Nor did the trial court purport to rely on Ms. Stevenson's argument in her opposition—which went through the *Starling* factors—in denying the motion. *Cf. Brown*, 841 A.2d at 334. But the trial court's order does

provide some reasons for denying relief that track some of the *Starling* factors. Specifically, the order suggests the trial court's view that Ms. Reshard was not acting in good faith, that she did not present an adequate defense, and that Ms. Stevenson would be unduly prejudiced if the motion were granted. Although these reasons capture some of the factors a trial court must consider in evaluating a Rule 60(b) motion, they do not adequately assure us that the trial court considered all the factors relevant to its exercise of discretion.

The first reason the trial court gave for denying Ms. Reshard's motion was that "in landlord and tenant actions in the District of Columbia, where the court has entered a default judgment and the defendant has been evicted from the property, the court typically will not vacate the judgment absent a deficiency in service."[11] Although the trial court did not expressly frame it this way, we understand this reason to refer to the prejudice to the landlord that can arise when a since-evicted tenant is ultimately seeking to resume her tenancy. *See Carrasco v. Thomas D. Walsh, Inc.*, 988 A.2d 471, 476 (D.C. 2010) (noting in the course of evaluating the

---

[11] In support of this point, the trial court cited *Frank Emmet Real Estate, Inc. v. Monroe*, 562 A.2d 134, 134 (D.C. 1989), and *Hernandez v. Banks*, 84 A.3d 543, 558 (D.C. 2014). These cases affirm decisions vacating defaults against tenants on grounds of improper service, *see Frank Emmet Real Estate*, 562 A.2d at 134 (default judgment); *Hernandez*, 84 A.3d at 558 (default), but they do not suggest that defective service is the only basis on which a since-evicted tenant can obtain relief.

denial of a Rule 60(b)(6) motion that "[p]rejudice to the landlord might be fairly apparent if [the tenant] were seeking to resume his tenancy"). Even if this factor alone could be dispositive, however, a prejudice analysis focusing on what would happen if the tenant not only obtained relief from the default but also prevailed on the merits of the underlying suit is misplaced. *See Wylie*, 143 A.3d at 89. That is because the question before the court in evaluating a Rule 60(b)(1) motion is "whether [the landlord] would be prejudiced *by an order setting aside the default judgment and allowing [the tenant] the opportunity to defend against [the landlord's] suit for possession*." *Id.* (emphasis added). Here, the trial court failed to consider both that question and the question whether "[o]ther remedies might suffice." *Id.*; *see also Carrasco*, 988 A.2d at 476.[12]

Additionally, the trial court's order suggests that it did not view Ms. Reshard as acting in good faith. The trial court observed that "[Ms. Reshard] has filed various motions for continuances and stays of every hearing and ruling by this Court, purportedly to allow [her] time to obtain counsel," but "as of the date of th[e] order,

---

[12] Moreover, in the circumstances of this case we have some concern about giving too much weight to the fact that Ms. Reshard has been evicted and the resulting prejudice to Ms. Stevenson. Ms. Reshard moved for relief well before she was evicted and then repeatedly tried to obtain a ruling on the motion before her eviction. *Cf. Carrasco*, 988 A.2d at 476 (remanding denial of a tenant's Rule 60(b) motion even where the tenant did not move to vacate the default judgment until a year after he was evicted).

[she] has not obtained counsel." Ms. Reshard rightly challenges this characterization of her conduct. During the proceedings in this case, Ms. Reshard sought a continuance of only one hearing—the initial hearing at which a default was entered. The stays she sought were attempts to obtain a ruling on her Rule 60(b) motion before she was evicted. That Ms. Reshard did not obtain counsel after a default was entered against her would seem to have little bearing on the merits of the Rule 60(b) motion, but Ms. Reshard does point out that she obtained counsel, albeit entering a limited appearance, for the February 23 hearing on her motion to stay.[13] To the extent that the trial court could consider Ms. Reshard's history of seeking continuances in prior cases in evaluating her Rule 60(b) motion,[14] its order does not make clear that it considered countervailing facts and arguments put forth by Ms. Reshard—for example, documentation of her attempts to secure representation

---

[13] In any event, inferring lack of diligence on the part of a litigant in landlord-tenant court is tenuous at best and requires close attention to the facts of the particular case. Paying for counsel remains beyond the reach of most litigants, and in the vast majority of matters tenants navigate the proceedings without legal representation. *Wylie*, 143 A.3d at 84; *see also* D.C. Access to Justice Comm'n, *Delivering Justice: Addressing Civil Legal Needs in the District of Columbia* (2019), https://www.dcaccesstojustice.org/assets/pdf/Delivering_Justice_2019.pdf; https://perma.cc/ZJ52-6H4Y.

[14] Ms. Reshard argued in her March 5 reply (her Rule 60(b) motion itself was filed before she had the opportunity to review transcripts of the February 8 hearing) that opposing counsel misrepresented this history at the February 8 hearing. We address this contention *infra* in Section II.B.

before the initial hearing in this case and explanation of her difficulty obtaining counsel in previous cases. *Cf. Wylie*, 143 A.3d at 84 (acknowledging the difficulty tenants face in obtaining counsel).

Finally, we could perhaps sustain the trial court's determination that Ms. Reshard has not shown "mistake, inadvertence, surprise, or excusable neglect," Super. Ct. Civ. R. 60(b)(1), notwithstanding the trial court's failure to consider all of the *Starling* factors, if Ms. Reshard did not present an adequate defense. *See Nuyen*, 884 A.2d at 657 (explaining that a motion under Rule 60(b)—other than one proving a void judgment under Rule 60(b)(4)—"must offer a sufficient elaboration of the facts . . . to conclude whether the defense, if found to be true, is adequate" (alteration in original) (quoting *Tennille v. Tennille*, 791 A.2d 79, 83 (D.C. 2002))). In its order, the trial court rejected Ms. Reshard's argument that she had a complete defense on the merits in light of Ms. Stevenson's failure to exhaust administrative remedies. But that was not the only defense Ms. Reshard raised in her Rule 60(b) motion.

In arguing in her Rule 60(b) motion that Ms. Stevenson never intended to use or occupy the property but instead used the personal occupancy provisions as a pretext for retaliation against Ms. Reshard, Ms. Reshard provided the trial court with "reason to believe that vacating the judgment w[ould] not be an empty exercise or a

futile gesture." *Id.* (quoting *Murray v. District of Columbia*, 52 F.3d 353, 355 (D.C. Cir. 1995)). The trial court did not consider this argument, which could constitute an adequate defense if true.[15] An action for possession under D.C.'s personal use and occupancy provision requires that a "natural person with a freehold interest in [a] rental unit . . . *seek[] in good faith* to recover possession of the rental unit for the person's immediate and personal use and occupancy as a dwelling." D.C. Code § 42-3505.01(d) (emphasis added). The intent of a landlord to move into the rental unit is relevant in such an action for possession. *See King v. Berindoague*, 928 A.2d 693, 697–99 (D.C. 2007) (reversing judgment of possession entered without jury trial where the tenant asserted a retaliation defense claiming that the landlord did not intend to occupy the apartment and the trial court rejected the tenant's defense by making a credibility determination as to the landlord's intent).[16] Without any

---

[15] Although other judges considering Ms. Reshard's motions to stay evaluated Ms. Reshard's likelihood of success on the merits in some sense, the standard is different in that context. The relevant question in evaluating a Rule 60(b) motion is whether the movant presented an "adequate defense." It is well established that doing so does not require "a showing as strong as that of 'likely to succeed.'" *Clark v. Moler*, 418 A.2d 1039, 1043 (D.C. 1980).

[16] Ms. Reshard also asserted as a defense that Ms. Stevenson had waived her right to demand possession by accepting rent payments for January and February 2018. *See Habib v. Thurston*, 517 A.2d 1, 6 (D.C. 1985) (noting that a landlord's acceptance of rent after expiration of a notice to quit may amount to waiver of the right to demand possession). The trial court can address the strength of this defense on remand. To the extent Ms. Reshard's arguments about improper service might

indication that the trial court considered this potential defense, we cannot be sure that it appropriately exercised its discretion. *See Wylie*, 143 A.2d at 88–89 ("The stronger the movant's merits showing, the stronger the case for relief from judgment."); *Starling*, 495 A.2d at 1160 ("[T]his court 'should zealously safeguard the right of the citizen to have the opportunity to defend himself against suits on claims to which he may have a meritorious defense.'" (quoting *Newman v. Universal Enters., Inc.*, 129 A.2d 696, 699 (D.C. 1957))).

Accordingly, even if the trial court considered the *Starling* factors implicitly,[17]

---

constitute defenses, we address those arguments *infra* in Section II.C.

[17] Although none of the analysis in the trial court's order speaks to Ms. Reshard's promptness in seeking relief or whether she had actual notice of the proceedings, those factors may be relatively straightforward in this case, permitting a "less formal" inquiry by the trial court. *See Wylie*, 143 A.3d at 84 ("An inquiry may be less formal if the facts are undisputed or immaterial . . . ."). As to promptness, Ms. Reshard filed her Rule 60(b) motion four days after the initial hearing at which a default was entered against her. *Cf., e.g.*, *Pfeister-Barter, Inc. v. Laois*, 499 A.2d 915, 916 (D.C. 1985) (per curiam) (considering a Rule 60(b) motion "promptly filed" where the movant filed within three weeks of the judgment). As to actual notice, there is little doubt that Ms. Reshard had actual notice of the suit and of the February 8 initial hearing. Nevertheless, the crux of this factor is "whether the movant willfully neglected her obligation to litigate." *Wylie*, 143 A.3d at 85. Where, as here, "the movant's failure to appear at a particular hearing prompts a default judgment or the dismissal of a case, the actual notice factor asks whether that failure to appear resulted from the movant's deliberate neglect of her litigation responsibilities." *Id.* In her Rule 60(b) motion, Ms. Reshard stated that it was her understanding that continuances to obtain counsel would be granted whether or not a tenant appeared at the initial hearing. The trial court should consider on remand whether Ms. Reshard's failure to appear was the result of a misunderstanding rather

its consideration of Ms. Reshard's Rule 60(b) motion was "too cursory to fulfill the court's 'responsibility to inquire where matters are raised which might entitle the movant to relief' under the Rule." *Wylie*, 143 A.3d at 89 (quoting *Carrasco*, 988 A.2d at 476); *see also id.* (finding trial court's analysis insufficient even where trial court cited and purported to weigh the *Starling* factors, because its evaluation of the factors "was deficient in a number of respects and overemphasized finality in disregard of this court's strong preference for obtaining judgments on the merits"). "The trial court has the responsibility, in the exercise of its discretion, to consider the facts in light of the factors pertinent to vacate a default judgment." *Nuyen*, 884 A.2d at 657. Because the trial court did not do that here, remand is in order.

## B.      Relief Under Rule 60(b)(3)

Rule 60(b)(3) permits relief on grounds including "misrepresentation . . . by an opposing party." Ms. Reshard argues on appeal that the trial court relied on misrepresentations by Ms. Stevenson. Although Ms. Reshard did not develop any argument invoking Rule 60(b)(3)'s grounds of "fraud . . . , misrepresentation, or misconduct by an opposing party" in her Rule 60(b) motion, she asserted in her March 5 reply that a transcript of the February 8 hearing at which the default was

---

than "deliberate neglect."

entered was not available when she filed the original motion. She was thus "not aware that [Ms. Stevenson's counsel] completely misrepresented issues in another case"—specifically, by suggesting that Ms. Reshard had previously filed dilatory continuance motions and challenged service of process without a basis for doing so. Because the trial court did not acknowledge Ms. Reshard's claims of misrepresentation, we cannot determine whether it fulfilled its "responsibility to inquire" into these contentions.[18] *Starling*, 495 A.2d at 1162. Although we express no view on the strength of Ms. Reshard's claims of misrepresentation, the trial court should address them on remand.

### C.      Relief Under Rule 60(b)(4)

Rule 60(b)(4) "authorizes a trial court to vacate a void judgment; in such a case, the question whether relief is to be granted is one of law, and thus our review is de novo." *Wylie*, 143 A.3d at 82 n.15. Ms. Reshard can be understood as seeking

---

[18] Ms. Reshard's reply also asserted that Ms. Stevenson's counsel engaged in ongoing misrepresentations about Ms. Reshard not having obtained counsel. Relatedly, Ms. Reshard has asserted that Ms. Stevenson's counsel violated a purported agreement to defer any eviction until there was a ruling on the Rule 60(b) motion. *See supra* note 7. These claims may affect the trial court's analysis of the *Starling* factors under Rule 60(b)(1), but the trial court should also consider on remand whether they raise issues of "misrepresentation[] or misconduct by [the] opposing party" within the meaning of Super. Ct. Civ. R. 60(b)(3).

relief under Rule 60(b)(4) to the extent she contends that the default judgment was secured in the absence of legally effective service. *See Carrasco*, 988 A.2d at 474 ("A default judgment entered in the absence of legally effective service of process is void, and relief from such a void judgment may be sought by motion pursuant to Rule 60(b)(4).").[19]

Ms. Reshard's challenge as to service of process concerns the fact that the process server's affidavit was filed only three days before the initial hearing. Ms. Reshard contends that the affidavit needed to be filed five days before the initial hearing, but she has no support for the proposition that failure to do so constitutes legally defective service. The trial court's determination that Ms. Reshard was properly served with the complaint in this case was not erroneous.

Ms. Reshard also argues that the ninety-day notice to quit was improperly served because only one attempt at personal service was made before the notice was posted. Although service of a notice to quit is a "condition precedent" to a suit for

---

[19] A judgment may also be void and subject to vacatur under Rule 60(b)(4) if the "court's action in entering the default judgment was 'so arbitrary as to violate due process.'" *Wylie*, 143 A.3d at 82 n.15 (quoting *Hudson v. Shapiro*, 917 A.2d 77, 83 (D.C. 2007)). To the extent Ms. Reshard otherwise argues that the trial court's order violated due process, these arguments go not to the merits of the Rule 60(b) motion but to the underlying entry of default and denial of the continuance motion, which are not properly before us.

possession, it is not jurisdictional like service of process is. *Moody v. Winchester Mgmt. Corp.*, 321 A.2d 562, 563 (D.C. 1974). We need not decide whether a judgment entered where the notice to quit was improperly served is void (and thus properly addressed under Rule 60(b)(4)) given that the trial court has not considered whether the notice to quit was properly served, an issue that may rest on factual issues the parties dispute. We leave the question of service of the notice to quit for the trial court to consider in the first instance.

## III.

The trial court's consideration of Ms. Reshard's Rule 60(b) motion for relief from the default judgment was "too cursory to fulfill the court's 'responsibility to inquire where matters are raised which might entitle the movant to relief' under the Rule." *Carrasco*, 988 A.2d at 476 (quoting *Miranda v. Contreras*, 754 A.2d 277, 280 (D.C. 2000)). This court has long recognized the importance of that inquiry in protecting the balance between the need for finality and the right to be heard. Because we cannot conclude that the trial court conducted such an inquiry or determine that Ms. Reshard's motion necessarily fails as a matter of law, we vacate the trial court's order denying Ms. Reshard's Rule 60(b) motion and remand for a

more thorough inquiry.[20]

*So ordered.*

---

[20] Because Judge Johnson has since retired and left the court, this determination will necessarily be made by a different judge. We leave to the court's discretion on remand whether an adequate inquiry in these circumstances requires an evidentiary hearing. *Cf. Wylie*, 143 A.3d at 84 (noting that "[t]he adequacy of a trial court's inquiry depends on the nature of the issues before the court" and concluding that an evidentiary hearing was required on that record because the trial court "need[ed] to make credibility determinations and resolve material disputes of fact").